# ROGERS' MILLING CO. v. GOFF, GAMBLE & WRIGHT CO. *et al.*

No. 4357. Opinion Filed May 11, 1915.

(148 Pac. 1029.)

1. PLEADING—Petition—Joint General Demurrer. A joint general demurrer should be overruled if the petition states a cause of action against any of the parties joining in the demurrer.

2.    PLEADING—Petition—Sufficiency Against Demurrer. A demurrer will not lie against a petition on the ground that a copy of the account sued on is not attached to the petition.

3.    FRAUDULENT CONVEYANCES—Bulk Sales Law—Direct Action by Creditor. A direct action against the purchaser cannot be maintained by a creditor of one who sells his entire stock of goods, wares, and merchandise without complying with the bulk sales law.
(Syllabus by Mathews, C.)

*Error from County Court, McCurtain County;*

*E. E. Cochran, Judge.*

Action by the Rogers' Milling Company against the Goff, Gamble & Wright Company, a corporation, and others. Judgment for defendants, and plaintiffs brings error. Reversed and remanded.

*Howe & Stanley,* for plaintiff in error.

*Cocke & Willis,* for defendants in error.

MATHEWS, C. Plaintiff in error filed suit in the county court of McCurtain county against the three defendants in error upon a stated account, alleging that it sold to defendant Goff, Gamble & Wright Company certain goods, wares, and merchandise, and that on the 13th day of February, 1911; this company was indebted to plaintiff upon an account stated in the sum of $654.65; that on the 9th of February, 1911, this company sold in bulk its entire stock to D. C. Goff, not having complied with the requirements of the "bulk sales law" by giving 10 days' notice specified in said law; that immediately after said sale the said D. C. Goff organized the Goff, Wright Mercantile Company and the said goods were transferred to the last-named corporation. Plaintiff further alleges that during these pretended changes in ownership the business continued to run with nothing to show any change of ownership, and that the stock of goods was never moved and the business continued without any apparent change, and that it had no

knowledge of the pretended sales until the 9th of October, 1911; that the said D. C. Goff was the brother-in-law of H. T. Wright, who was the president of the Goff, Gamble & Wright Company, that John B. Wright, secretary of the Goff, Wright Mercantile Company, is a brother of the said H. T. Wright; that the said D. C. Goff purchased with full knowledge of their claim, and that the Goff, Gamble & Wright Company is insolvent; that in June, 1911, the said Goff, Gamble & Wright Company executed to them a note for the amount due them, which note was renewed by said company on the 15th of September, 1911, they accepting said notes without any notice of said sale. Plaintiff asks for judgment against Goff, Gamble & Wright Company, D. C. Goff, and Goff, Wright Mercantile Company for the sum of $654.65 and interest, and that the said judgment be declared a lien on the goods, wares, and merchandise of the said Goff, Wright Mercantile Company.

2. Against this petition the defendants filed a joint general demurrer, which was sustained, and plaintiff, electing to stand upon his petition, has assigned as error the sustaining of the demurrer.

3. The petition in this case states a good cause of action against Goff, Gamble & Wright Company upon an account stated, and it was error to sustain the joint general demurrer.

In the case of *Stiles v. City of Guthrie*, 3 Okla. 26, 41 Pac. 383, we find:

Where a demurrer is joined in by several parties on the ground that the petition does not state facts sufficient to constitute a cause of action, the demurrer will be overruled, if the petition states a cause of action against any one of such parties, although it states no cause of action against the others. *Rogers v. Schulenburg*, 111 Cal. 281, 43 Pac. 899.

4.   Defendants in error seem to complain of the fact that no formal account was attached to plaintiff's petition in compliance with the statutes relating to actions upon open account.

Revised Laws 1910, section 4769. "If the action counterclaim or set-off be founded on account or on a note, bill, or other written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason thereof must be stated in the pleading. But if the action, counterclaim or set-off be founded on a series of written instruments executed by the same person, it shall be sufficient to attach and file a copy of one only, and in succeeding causes of action or defenses, to set forth in general terms descriptions of the several instruments respectively."

This deficiency, if such it be, cannot be reached by demurrer, but should have been challenged by motion if the petition was defective on that account. *England Bros. v. Young,* 26 Okla. 494, 110 Pac. 895; *Andrews v. Alcorn,* 13 Kan. 352; *Curtis v. Buckley,* 14 Kan. 449.

In actions on stated accounts it is not necessary to attach a copy of the account to the petition.

5,   For the reason that the proposition, "Can a creditor on one who sells his stock of goods in bulk without complying with the requirements of the bulk sales law maintain a direct action against the purchaser?" was discussed in the briefs filed herein, and will likely arise on the retrial of this case should the defendants in error file separate demurrers to plaintiff's petition, we deem it proper to pass upon this question now, and if the question is answered in the negative, it naturally follows, what remedy has the plaintiff?

6.   Upon the authority of the case of *Gailbraith et al. v. Oklahoma State Bank,* 36 Okla. 807, 130 Pac. 541, following the case of *Rothchild Bros. v. Trewella,* 36 Wash, 679, 79 Pac. 480, 68 L. R. A. 281, 104 Am. St. Rep. 973, we answer the first

proposition in the preceding paragraph in the· negative, and hold that in such cases a direct action cannot be maintained against the purchaser.

The proper remedy would be by attachment of the stock in the hands of the purchaser (*Galbraith et al. v. Oklahoma State Bank, supra*), or by garnishment (*Humphrey et al. v. Coquillard Wagon Works*, 37 Okla. 714, 132 Pac. 899, 49 L. R. A. [N. S.] 600).

·For the reason given, the judgment must be reversed, and the cause remanded.

By the Court: It is so ordered.