## J. C. SMITH & WALLACE COMPANY

### *v.*

### NATHAN J. GOLDNER and FREDERICK ISAACSON.

[Presented March 22d, 1921.   Decided March 23d, 1921.]

1. A sale in bulk is void as to creditors of the vendor, unless the provisions of the Bulk Sales act of 1915 are complied with.

2. Though a sale in bulk is void as to the vendor's creditors, unless the provisions of the act of 1915 are complied with this does not give creditors a claim upon the purchase price.

3. Where a sale is void under the Bulk Sales act of 1915, creditors may execute their judgment by a levy and sale of the goods, or if unable to do so, may cause the writ to be returned *nulla bona* and proceed in equity against the purchaser for the value of the goods as transferred without consideration with intent to defraud creditors.

---

On motion for preliminary injunction.

*Messrs. Reed & Reynolds,* for the motion.

*Mr. Abraham Henig, contra.*

BACKES, V. C.

The defendant Nathan Goldner sold his stock of merchandise, in bulk, to the defendant Isaacson. The purchaser failed to demand and receive a list, in writing, of the vendor's creditors and to notify them of the proposed sale, as required by the Bulk Sales act of 1915. *P. L. p. 377.* The complainant recovered a judg-

ment against Goldner and levied on the merchandise, the subject of the sale, and then filed this bill to compel the defendants to discover the articles sold, the terms of sale, and the amount of purchase price remaining unpaid, that defendants be decreed to pay the judgment, and for an injunction to restrain the payment of the unpaid purchase price. The present motion is for a temporary injunction restraining the payment of the balance of the purchase price. The motion must be denied.

A sale in bulk is void as to creditors unless the provisions of the act are complied with, but this does not give creditors a claim upon the purchase price. The act implies that, the sale being void, creditors have a remedy at law and in equity—that is, as I take it, creditors may execute their judgment at law by a levy and sale of the goods, or, if unable to execute the judgment by a levy and sale, they may cause the writ to be returned *nulla bona* and proceed in equity against the purchaser for the value of the goods, exactly as if the goods had been transferred without consideration, with intent to cheat and defraud creditors.

The bill may be amended to charge Isaacson, the purchaser, with the value of the goods.