Note.—See under (1) 30 C. J. pp. 516, 517, §29; 13 R. C. L. p. 1188; 3 R. C. L. Supp. p. 128; 4 R. C. L. Supp. p. 850; 5 R. C. L. Supp. p. 727; 6 R. C. L. Supp. p. 781: 7 R. C. L. Supp. p. 440. (2) 30 C. J. p. 520, §35; anno. L. R. A. 1918F, 25; 13 R. C. L. p. 1188; 3 R. C. L. Supp. p. 131; 5 R. C. L. Supp. p. 728; 6 R. C. L. Supp. p. 782. (3) anno. 18 A. L. R. 1125; 24 A. L. R. 1480; 13 R. C. L. p. 1207; 3 R. C. L. Supp. p. 132; 5 R. C. L. Supp. p. 730; 6 R. C. L. Supp. p. 783; 7 R. C. L. Supp. p. 441.

---

## KLING BROTHERS & CO. v. WHIPPS et al.

No. 18615. Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. Bills and Notes—Payment by Check—Liability of Creditor for Loss Resulting from Delay in Presenting Check for Payment.

The acceptance of a check by a creditor as a medium of payment implies an undertaking on his part of due diligence in presenting it for payment, and, if a loss occurs through lack of such diligence, the loss falls on such creditor and not on the debtor.

**2. Same—Loss Through Failure of Drawee Bank — Creditor Promptly Presenting Check for Payment After Accepting Same Held Not Liable.**

Where a debtor mails a check to his creditor in settlement of an account, which check is not accepted but is returned by the creditor because of a dispute in the account, and such check thereafter is accepted by the creditor under an agreement that the same may apply as a credit on the account leaving the disputed portion of the account open for future adjustment, and such creditor thereafter promptly presents the check for payment and the same is returned unpaid because of the failure of the bank upon which it is drawn, such creditor is not liable for the loss occasioned thereby, even though the check might have been paid and the loss averted had it been accepted and presented for payment by such creditor when first received, and even though it be established at the trial that the check first tendered was sufficient in amount.

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by Kling Brothers & Company against H. E. Whipps and Herman Meyer, doing business as the Whipps Clothing Company, to recover on an open account. Judgment for plaintiff for less than the amount sued for, and plaintiff appeals. Reversed and remanded.

Foster & Pinkston, for plaintiff in error.

Hummer & Foster, for defendants in error.

HERR, C. This is an action by Kling Brothers & Company, a corporation, against Whipps Clothing Company to recover the sum of $1,922.34, on open account for goods and merchandise sold and delivered. There was judgment for plaintiff in the sum of $747.27. Plaintiff appeals.

It appears that in October, 1925, defendants purchased certain merchandise from the plaintiff, and upon shipment of the same plaintiff rendered a bill in the sum sued for. This bill was disputed by defendants, they claiming the contract price to be $1,868.17 instead of $1,922.34. It further appears that immediately upon receipt of this shipment and bill therefor defendants wrote plaintiff calling attention to this overcharge, and demanded a credit for the sum of $54. To this letter plaintiff replied denying the credit.

On November 4th, defendants, by letter, advised plaintiff that they would remit by November 10th, but would deduct therefrom $54. the amount claimed by them as an overcharge, but that a representative of their firm would be in Chicago in January, and if it could be shown that they were in error, they would give their check for the balance.

On November 10th, defendants mailed plaintiff their check dated November 9th, in the sum of $1,868.17, in full settlement of the claim. This check was received by plaintiff on November 13th and by it returned to defendants on November 17th, with a demand that the claim be paid in full. Immediately upon receipt of the returned check and accompanying letter, defendants wired plaintiff that they were returning the goods. To this wire plaintiff replied by telegram, and later by letter, agreeing to accept defendants' check in the sum of $1,868.17, and credit their account with the same, leaving open for adjustment the balance claimed, in accordance with defendants' letter of November 4th.

On receipt of this agreement, defendants remailed their check in the sum of $1,868.17. which check was received by plaintiff November 27th, and deposited to its credit in its bank in Chicago on November 28th. The check was drawn on the Citizens Bank of Henryetta, Okla., which bank failed on December 3rd, and before the check reached the bank for payment, and the same was by the bank returned unpaid.

It is admitted that the defendants had on deposit in said bank at the time of its failure sufficient funds to pay the check. It is also admitted that the affairs of the failed bank have been liquidated, and that the depositors received only 40 per cent. of their deposits.

It is the contention of the defendants that plaintiff is liable to them in damages in the sum of $1,120.90, the loss on this check occasioned by the failure of the bank, on the theory that said plaintiff did not exercise due diligence in collection of the same, and, on this theory, prevailed in the trial court.

In our opinion, the judgment is clearly wrong. It is conceded that the plaintiff proceeded with due diligence in collection of the check after its acceptance on November 27th, but it is contended that plaintiff is liable because it failed to accept the check when first offered and received on November 13th; that had it done so, the check could have been cleared and would have been paid before the bank failed and the loss thus averted, and that, for this reason, the loss should fall upon the plaintiff. We cannot agree with this contention.

It is, of course, well established that the acceptance of a check by a creditor, as a medium of payment, implies an obligation on his part of due diligence in presenting the same for payment, and, if a loss is sustained through lack of due diligence in presenting the same, the loss falls on the holder and not on the drawer of the check. But in the instant case, the check, when first received by the plaintiff, was not accepted because of a dispute in the account, and was immediately returned by plaintiff. Further negotiations were then had, and the check remailed, and accepted by plaintiff, and promptly by it presented for payment. In these circumstances, we can conceive of no rule of law which would render the plaintiff liable for the loss.

It must be remembered that the check mailed by defendants was a voucher check, reciting that the same was in full payment of the invoices therein enumerated and such invoices referred to the very invoices in dispute, and, standing alone, its acceptance by plaintiff would have operated as a full settlement of the account. It is, however, argued by defendants that, in view of their letter of November 4th, heretofore referred to, explaining this remittance, defendants would have been estopped from claiming the acceptance of the check as a payment in full, and that plaintiff would therefore not have imperiled its interest by accepting the check. Even though we concede this to be the correct rule, still, we know of no rule of law which would make plaintiff liable for the loss because of its refusal to accept the check when first offered, even though it might have been mistaken in its belief that such acceptance would operate as a full settlement of its claim.

The argument advanced that, under the circumstances, the check was a legal tender, has no bearing under the issues here presented. Of course, had defendants stood on their tender, the jury having found the amount tendered sufficient, plaintiff would have been liable for the costs, and have been precluded from recovering interest on its account, but defendants, having abandoned their tender, the same is no longer an issue in the case.

Under the undisputed facts, plaintiff was entitled to judgment for, at least, the sum of $1,868.17, and had plaintiff requested an instruction to that effect it would have been error to refuse the same.

Counsel who represent plaintiff on this appeal did not represent it in the trial court, and concede that the record has been poorly preserved, and further concede that they are probably precluded from here urging that the trial court should have directed verdict for said sum in favor of the plaintiff. It is, however, urged by counsel for plaintiff that the court, in its instruction, submitted the case to the jury upon an erroneous theory, and they specifically call our attention to instruction No. 3 given by the court:

"You are instructed, if you believe and find from the evidence that on or about the 9th day of November, 1925, the defendants issued their check to the plaintiff in the sum of $1,868.17, and that said amount was in full payment of the amount due and owing from said defendants to plaintiff, and that the plaintiff received said check, but neglected, failed or refused to deposit same for collection within a reasonable time after receipt thereof, and that but for such delay in depositing said check for collection, the same would have been paid by the Citizens Bank of Henryetta, Okla., and that by reason of such delay, the same was not paid by reason of the failure of said Citizens Bank, then the defendants are released from the liability of said account to the extent of the amount lost by reason of the failure to cash said check, which loss, it is conceded, amounts to 60 per cent. In the event you so find, your verdict should be for the plaintiff in the sum of $747.27, the amount for which defendants confess judgment. You are further instructed that a reasonable time to deposit said check for collection, in the absence of unusual circumstances preventing, is one day after the receipt of same."

This instruction is properly excepted to, and the giving of the same is assigned as error. We are of the opinion that, as applied to the facts in the instant case, the giving of this instruction constitutes reversible error.

The jury is charged that plaintiff would be liable if it failed to present the check for payment within a reasonable time after it was first received, regardless of the fact that the evidence is undisputed that plaintiff refused to accept the same and promptly returned the same to the defendants. This instruction, in effect, holds plaintiff liable in damages to defendants for the loss occasioned by the failure of the bank, because of its refusal to accept the check when first offered, and not because of any lack of diligence on its part in presenting the same for payment after its acceptance. We know of no principle of law by which such position can be sustained.

Judgment should be reversed, and the cause remanded for a new trial.

TEEHEE, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.