## COHEN v. EXCHANGE NAT. BANK OF TULSA.

No. 22925. Nov. 14, 1933.

Lawrence Mills, for plaintiff in error.

Chas. E. Bush, C. A. Steele, and W. A. Daugherty, for defendant in error.

RILEY, C. J. This is an appeal from an order granting defendant in error, garnishee below, a new trial.

On December 14, 1928, defendant in error took a chattel mortgage from the Phoenix Pipe & Supply Company, covering a stock of merchandise owned by the mortgagor. No notice was given to the creditors of the company. On March 24, 1930, plaintiff in error obtained a judgment by default against the Phoenix Pipe & Supply Company. This judgment being unpaid, plaintiff in error, on September 27, 1930, filed an affidavit for garnishment against the defendant in error. The garnishee summons was issued and served, and defendant in error, by answer and amended answer, denied that on the date of the service of the garnishment summons it had property of any kind in its possession or under its control belonging to said Pipe & Supply Company, and denying each and every allegation in the affidavit for garnishment, and specifically denying that it ever took possession of the goods, wares, and merchandise set out in the affidavit for garnishment, or that it received a large sum of money from the sale thereof. Plaintiff in error served notice that he elected to take issue upon the original answer. The amended answer was filed thereafter, and the notice to take issue was apparently treated as applying to the amended answer.

The cause was tried to a jury, and at the close of the evidence the court directed a verdict for plaintiff in error. Defendant in error in due time filed a motion and amended motion for a new trial. The motion was sustained and a new trial was granted, and plaintiff in error appeals from said order.

In his brief plaintiff in error recognizes the well-established rule that the granting of a new trial is largely within the discretion of the court, and that an order granting a new trial will not be reversed unless it appears that the trial court has manifestly and materially erred with respect to some pure, unmixed questions of law.

The theory of plaintiff in error at the trial was that defendant in error had not only taken the chattel mortgage without giving notice provided in what is known as the "Bulk Sales Law," article 2, ch. 48, O. S.

1931, but that it took possession thereof under its chattel mortgage.

In his opening statement to the jury counsel for plaintiff in error stated:

"We will undertake to show you that in this case the Exchange National Bank did not give any notice to any creditors that they took charge of the assets down there; that they were liquidated and the money paid into the Exchange National Bank in a large sum of money, that was realized from this stock that they had on hand and covered by this chattel mortgage. * * *"

As before stated, the amended answer of defendant in error specifically denied that it ever took possession of the goods, wares, and merchandise mentioned in the affidavit in garnishment. The question of whether or not the bank had ever taken possession of the property involved under its mortgage was treated as the necessary element of the issues throughout the trial, and a great part of the evidence of both parties was directed to this question.

The court at first indicated that he was holding that there had been a transfer in law by virtue of the giving of the chattel mortgage, and that coupled with this fact and that there was a showing in the evidence that there was money in excess of the amount of the claim of plaintiff in error, received by the bank from the property covered by the mortgage, or from the Phoenix Pipe & Supply Company, was sufficient to justify a directed verdict for plaintiff. However, the court in the journal entry of judgment made a finding that no actual physical possession of the chattels was taken by the mortgagee, but that an arrangement was made whereby the mortgagor was authorized to sell the mortgaged chattels and the proceeds thereof to be paid to the mortgagee under its mortgage; that said arrangement was carried out, and a large part of the goods was disposed of under such arrangement, and the proceeds, in excess of plaintiff's claim, paid to the mortgagee; and held that such transaction constituted a violation of the Bulk Sales Law, and rendered garnishee liable, and that this was the basis for the directed verdict.

In the order granting a new trial, the court stated his reasons therefor as follows:

"* * * The court, having heard the argument of counsel and being fully advised in the premises, is of the opinion that in order to render the mortgagee liable to creditors under the Bulk Sales Law of the state of Oklahoma, there must be an actual physical

transfer of possession of the stock of goods. * * *"

It is contended, in effect, that the court erred manifestly and materially with respect to a pure, unmixed question of law, and that the order should therefore be reversed.

Although the court may be in error upon the abstract question of law, it does not necessarily follow that the order granting a new trial should be reversed. Though the reason given for the ruling be wrong, if the record discloses other reasons which are good and for which the new trial should have been granted, the order should not and will not be reversed. It may be observed that the court in the first instance did not find that the uncontradicted evidence showed that there was an arrangement whereby the mortgagor was authorized to and did sell the mortgaged property with the proceeds to be paid to the mortgagee. This was one of the controverted questions of fact, and thereon Marice Blumenfield, the manager of the Phoenix Pipe & Supply Company who executed the chattel mortgage in question, being called as a witness, testified:

"Q. Did you have an arrangement with the bank whereby the property covered by this mortgage might be sold and the proceeds paid to the bank? A. By which this property might be sold and the proceeds paid to the bank? Q. Yes. A. No, sir. Q. Didn't have one? A. No, sir."

There was some evidence which tended to show such an arrangement. It appears that the reasons stated for directing a verdict was an assumption of the existence of a state of facts upon which there was at most a conflict in the evidence. For this reason the order granting a new trial should be affirmed. But, as another trial must be had, we may observe that the "Bulk Sales Law" applies to the transfer of any portion of a stock of goods, wares, and merchandise otherwise than in ordinary course of trade in the regular and usual prosecution of the transferer's business, or the transfer of an entire such stock in bulk, and that transfers under the act included transfers in payment of a debt, in whole or in part, pledges, mortgages, sales, exchanges and assignments, not including, however, transfers made by executors, administrators, receivers, assignees under voluntary assignment for the benefit of creditors, trustees in bankruptcy, or sales under judicial process.

This means a transfer of the property by means of or through any of the methods made applicable by the statute, and a mort-

gage is one of them. But to render a mortgagee liable under the statute, there must be a transfer of the property accomplished by or under the mortgage. This may be done by an actual manual delivery of possession of the property, or by an agreement or arrangement carried out by and between the mortgagor and the mortgagee by which the same effect would be accomplished, such as the court in the journal entry found to have been made in the instant case. But, in the absence of any evidence showing an actual delivery or change of possession, then the question of whether or not any substituted agreement or arrangement was made and carried out is a question of fact for the jury, where the evidence with respect thereto is in conflict.

Where the mortgagor remains in possession and sells the property in ordinary course of trade and applies the proceeds as he pleases without an agreement with the mortgagee as to how the proceeds are to be applied, and without dictation from the mortgagee, a transfer within the meaning of the act is not accomplished.

As a counter proposition, defendant in error assails the amendment of the Bulk Sales Act by section 3, ch. 152, S. L. 1917, whereby mortgages were made applicable as one of the methods of transfer under the statute. It is contended that this amendment is unconstitutional in that the title of the act made no mention of the nature of the amendment of section 2905, R. L. 1910, which the act purported to amend, in that mortgages were not mentioned in the title. This question does not appear to have been raised below or presented to the trial court. The authorities cited by defendant in error do not sustain its contention. There is no substantive matter in the amendment not germane or pertinent to that contained in the original section. The amendment, in so far as mortgages are made one of the applicable methods of transfer, is merely a change of provisions upon the same subject-matter as that contained in the original section, viz., fraudulent transfer of property. The contention therefore cannot be sustained.

For the reasons stated above, the order granting a new trial is affirmed.

SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., absent.