## CLIFTON v. COLLINS-DIETZ-MORRIS CO.

No. 24676.    Sept. 17, 1935.

Rehearing Denied Oct. 8, 1935.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for plaintiff in error.

Tomerlin, Chandler & Shelton, Richard W. Fowler, and John W. Swinford, for defendant in error.

BAYLESS, J.    The defendant in error. Collins Dietz-Morris Company, as plaintiff, filed an action in the district court of Cleveland county, Okla., against J. E. Halbert, as defendant, and garnisheed plaintiff in error, G. M. Clifton, as a debtor of Halbert's or as one having in his possession property or money belonging to Halbert. Judgment was rendered in favor of plaintiff against the defendant, and no appeal was taken therefrom. Judgment was rendered in favor of plaintiff, also, against the garnishee, and garnishee appeals.

The following is a short summary of the facts: Defendant rented a building from the garnishee for the purpose of conducting a business, and also borrowed money from garnishee. This business was opened about the 12th day of September, 1931, and at that time defendant and garnishee made out a list of the debts owing by defendant, in connection with the business, and garnishee paid these debts in full. Garnishee then took a note from defendant for the debt owing him, and took a chattel mortgage to secure this note. This chattel mortgage covered certain fixtures, and in addition the following:

"* * * Including any and all goods, wares, and merchandise that may be or become at any time in stock within said premises, subject only to the right to use in carrying on said business prior to the maturity of the obligation hereby secured, it being further understood that when any of said articles are sold, lost or destroyed, and replaced by other articles, goods. wares, & merchandise, this conveyance shall cover the articles, goods, etc., used and placed in said premises instead of or in addition to said particularly described goods in said schedule B. * * *"

This chattel mortgage was duly recorded. Defendant remained in possession of the

premises and mortgaged personal property until November 15, 1931, when garnishee, for default on the part of the defendant in the conditions of the debt and mortgage, demanded and received possession of the premises and the personal property therein at that time. During the interval when defendant had been in possession he had conducted his business and in so doing had sold off the stock of goods, wares, and merchandise and had bought to replace that sold, and included therein was $251.45 worth of goods bought from plaintiff between October 1, and November 15, 1931. It seems undisputed that defendant had about $700 worth of goods, wares, and merchandise in the place when garnishee took possession thereof. Garnishee conducted a private sale of the personal property and applied the proceeds on his debt.

Plaintiff contends that because the garnishee took a chattel mortgage upon the stock of goods, etc., it was a transaction coming within the Bulk Sales Law (secs. 10014 to 10017, inc., O. S. 1931); and that when he later took possession thereof, without giving notice to creditors, as provided by said Bulk Sales Law, he became liable as a garnishee under said law. Garnishee contends that because all creditors, including plaintiff, were paid when the mortgage was taken, no compliance with the Bulk Sales Law was necessary; and that, since his chattel mortgage became a lien upon the stock of goods, etc., he could thereafter take possession thereof for breaches of the chattel mortgage without violating the Bulk Sales Law.

The law in this state is well settled that the taking of a chattel mortgage upon a stock of goods, wares, and merchandise without taking actual physical possession is not a transaction within the Bulk Sales Law (Cohen v. Exchange National Bank, 166 Okla. 177, 26 P. [2d] 910); but it is equally well settled that the taking possession thereof, in connection with the mortgage, whether at the time the mortgage is taken or later, does bring the transaction within the Bulk Sales Law, and necessitates full compliance therewith in order to avoid its penalties. (Cohen v. Exchange National Bank, supra.) The garnishee having taken his chattel mortgage in September, and having taken possession of the mortgaged property in November, all without complying with the Bulk Sales Law, thereby became liable in garnishment to the creditors of the defendant.

Garnishee's second and third propositions are entirely without merit.

The judgment of the trial court is affirmed; and judgment is rendered against James S. Downing and W. L. Hetherington, sureties upon the supersedeas bond, for the sum of $251.45, with interest at the rate of 6 per cent. from November 19, 1931, together with $25 attorneys fees, and all costs, for which let execution issue out of the trial court.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.