## JOHNSTON v. STROMON MOTOR SUPPLY CO.

No. 27861. Feb. 1, 1938.

Rehearing Denied Feb. 21, 1938.

M. F. Hudson, for plaintiff in error.

Geo. T. Arnett, for defendant in error.

PER CURIAM. This appeal presents error from the district court of McCurtain county.

The action was instituted by the defendant in error, hereafter referred to as plaintiff, against the plaintiff in error, hereafter referred to as defendant, to recover the sum of $284.

There is no serious dispute regarding the essential facts. The plaintiff was a creditor of one J. F. Roton, who was engaged in the garage and auto accessory business. The defendant took possession of a stock of goods, wares, and merchandise employed in said business through the medium of a chattel mortgage foreclosure without conforming to the requirements of section 10014, O. S. 1931, relating to bulk sales. The defendant sold and disposed of a considerable portion of the goods so acquired. The petition of the plaintiff charged the defendant with an unlawful conversion of said property and sought a direct recovery from said defendant of the amount due the plaintiff on its account with J. F. Roton. A demurrer to this petition of plaintiff was sustained, and thereupon plaintiff filed an amended petition wherein J. F. Roton was named as a party defendant and substantially the same allegations were made as were contained in the original petition. Service of summons or other process does not appear to have been made upon J. F. Roton and apparently he was not considered further in the transaction. The appearing defendant renewed his demurrer to the amended petition, and when this was overruled, filed an answer in the nature of a general and specific denial. The plaintiff did not attempt to attach any of the goods involved or to hold the defendant liable in garnishment. Demurrer to the evidence of plaintiff and a motion for directed verdict interposed by the defendant were overruled and denied. Verdict of the jury was in favor of plaintiff, and its recovery was assessed at the sum of $125. The defendant appeals from the judgment rendered on the verdict and the order overruling his motion for new trial.

The question presented for determination is whether, under the laws of this state, a creditor of the vendor in bulk sale may maintain a direct action against a transferee of the stock of goods, wares, and merchandise when the transfer has been

had without compliance with the provisions of the Bulk Sales Law.

Section 10014, O. S. 1931, makes certain transfers of goods, wares, and merchandise presumptively fraudulent and void as against the creditors of the transferor, and provides such presumption may be rebutted only by showing a compliance by the transferee with certain specific requirements relative to notice to creditors of his transferor. Good faith on the part of the transferee will not excuse his failure to comply with the statutory requirements. Galbraith v. Oklahoma State Bank, 36 Okla. 807, 130 P. 541. A transfer effectuated by means of a mortgage is subject to the same restrictions and limitations. Section 10016, O. S. 1931. And under section 10017, O. S. 1931, it is provided:

"Any purchaser, transferee or mortgagee who shall not conform to the provisions of this act, shall be liable to the creditors of such transferors, mortgagors or pledgors in garnishment, and such stock so transferred, mortgaged or pledged shall be subject to attachment."

Since it is admitted that the defendant took possession of the property of plaintiff's debtor by means of a chattel mortgage and without complying with the requirements of section 10014, supra, he therefore became liable in garnishment to the plaintiff. Clifton v. Collins-Deitz-Morris Co., 174 Okla. 89, 49 P. (2d) 748. The plaintiff, however, did not seek to enforce either the remedy of attachment or of garnishment provided by statute, but sought to hold the defendant personally liable for the amount of the debt claimed to be due from Roton to plaintiff. The plaintiff apparently proceeded on the theory that the defendant had converted the property to his own use and hence was liable in tort. In some jurisdictions, when property has been transferred in violation of the Bulk Sales Law and the vendee has disposed of it or has intermingled it with other property so as to preclude its identification and recovery, the vendee may be held personally liable to the creditor of his vendor to the extent of the value of the goods so acquired. See Douglas Fir Co. v. Star Lumber Co., 27 N. M. 403, 201 P. 867, 41 A. L. R. 1474, and the notes under the A. L. R. citation. This rule, however, does not prevail in this state. In the case of Rogers Milling Co. v. Goff, Gamble & Wright Co., 46 Okla. 339, 148 P. 1029, this court stated:

"A direct action against the purchaser cannot be maintained by a creditor of one who sells his entire stock of goods, wares, and merchandise without complying with the Bulk Sales Law."

The reason for the rule so announced becomes apparent when the statute involved is considered. It will be observed that the purpose of the statute was to afford protection to a certain class of creditors who would otherwise be without any protection whatsoever. In order to effectuate this purpose, the statute provides that sales made without giving such creditors notice thereof in the manner therein provided shall be presumptively fraudulent and void, and thus be ineffective to transfer any right of property from the purported vendor to the purported purchaser or transferee. In other words, the right of property is held to remain in the debtor, and in an action against him the property itself may be seized by attachment, or else the person having the same in his possession or control may be required to account therefor in garnishment. If the property cannot be seized by attachment, the transferee upon answer in garnishment must account for the property or its value, and upon proper order of the court may be directed to pay into the registry of the court the value of the property so received by him. It will be further observed that the statute correctly takes into consideration the fact that a creditor of the owner of the property has no right in or dominion over the property itself, nor any specific lien thereon, but merely the right to have his claim satisfied out of the property or its proceeds where a transfer has been made without compliance with the statute. The statute, therefore, establishes the rights of the creditors of persons engaged in certain pursuits and businesses and prescribes the remedies to be pursued in the event of any violation of such rights. The rule in such circumstances has been succinctly stated in 25 R. C. L. 1058, as follows:

"Where a statute creates a new right and prescribed a remedy for its violation, the remedy thus prescribed is exclusive."

The plaintiff could proceed against the defendant only in the manner prescribed by statute and had no capacity to maintain a suit against the defendant for an alleged conversion of said property. Under these circumstances, the judgment rendered against the defendant constitutes a violation of a substantial statutory right of the defendant, and therefore cannot be held to be harmless.

In view of what has been said and the prior decisions of this court, the judgment of the trial court must be reversed and the cause remanded for such further proceedings

as may be proper and consistent with the views herein expressed.

Reversed and remanded.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and DAVISON, JJ., concur.