### WHIPPS v. KLING BROS. & CO., Inc.

No. 27098. March 22, 1938.

G. L. Bynum, for plaintiff in error.

Steele & Boatman and C. A. Ambrister, for defendant in error.

CORN, J. This matter was before this court once before in the case of Kling Brothers & Co. v. Whipps et al. (1928) 132 Okla. 253, 270 P. 79, wherein Kling Brothers sued the defendants for $1,922.34 for merchandise furnished on open account. Having recovered judgment for only $747.27, the plaintiff appealed to this court, and the cause was reversed and remanded for new trial because of plaintiff's failure to move for a directed verdict.

The present action was begun in 1929 upon the plaintiff's original petition. Upon motion, the defendant withdrew its original answer and filed a substitute in which the defendant denied the indebtedness, the plaintiff's corporate existence and right to do business in the state.

After innumerable delays the case stood for trial October 14, 1935. At that time the plaintiff offered a motion for judgment on the pleadings, which was joined in by the defendant, who asked that judgment be rendered on the pleadings in favor of the defendant. The trial court at that time rendered judgment for the plaintiff.

From this judgment the defendant appeals, relying upon two propositions as grounds for reversal: First, that the trial court erred in rendering judgment on the pleadings in favor of the plaintiff. Second, that the trial court erred in failing to render judgment for the defendant on his motion for judgment on the pleadings.

The defendant's argument is based upon cases from this court holding that where an answer is filed raising questions of fact, judgment cannot be rendered on the pleadings. Standing alone, in the absence of other facts, this is undoubtedly a correct statement of the law. However, there are other matters which must necessarily be considered in connection with this statement.

When this case first was appealed to this court the judgment of the trial court was reversed and the cause remanded for a new trial because the plaintiff failed to move for a directed verdict, and this court was thereby precluded from rendering a judgment for the plaintiff.

At that trial the issues were drawn and the case decided, the judgment being reversed because of an erroneous instruction. By reason of that decision it was established that the defendant had no legal defense to this action upon the account. Preparing

for the new trial, the defendant withdrew the original answer and in its place filed another, denying every allegation of the petition. Then, when the case was ready to be tried, the defendant joined the plaintiff in asking that judgment be rendered on the pleadings. At the very time of asking the trial court to render judgment on the pleadings, the defendant's attorney stated that there was nothing to the case but a question of law, and demanded that the court render judgment. The inconsistency of the defendant's argument at once becomes noticeable; having demanded that the court render such judgment, and yet to complain now that the issues under the pleadings made it impossible to render such judgment, is the height of inconsistency.

This court has held that a motion for judgment on the pleadings searches the entire record, and judgment may thereupon be rendered for either party as the record stands. But such motion cannot be granted unless, under the facts brought out in the pleadings, the trial court can, as a matter of law, pronounce judgment for one or the other of the parties. Mires v. Hogan, 79 Okla. 233, 192 P. 811.

The question always to be decided in such a case is whether, under the pleadings, there is any issue of fact to be tried. Then, if this can properly be answered in the negative, the next question is, Which party is entitled to judgment? Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 P. 1016; Mires v. Hogan, 79 Okla. 233, 192 P. 811; and Boland v. Boland, 171 Okla. 437, 43 P.2d 79.

In the case at bar the trial court considered the entire record, and based his decision, in part, upon the knowledge that the law as to the alleged issues upon which the defendant depended for defense had already been declared by this court. This, considered with the statement of defendant's own attorney that there was nothing to the case but a question of law, doubly justified the trial court in rendering judgment on the pleadings, it being plainly apparent that the defendant had no real defense to the action.

The defendant, having joined in the motion for judgment on the pleadings and having stated to the court there was nothing to the case but a question of law, thereby waived issue of facts.

Having already decided that there was

384

no error in the trial court's action in rendering judgment for the plaintiff on the pleadings, there is no necessity of discussing the defendant's second proposition, that it was error for the trial court to refuse to render judgment for the defendant.

Judgment affirmed.

The plaintiff having prayed judgment upon the supersedeas bond filed in this appeal, judgment thereon is accordingly directed to be entered in favor of the plaintiff.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.