WHIPPS, Inc., v. KLING BROS. & CO.

No. 29427. May 12, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 166.*

G. L. Bynum, of Henryetta, and Carland Smith, of Okmulgee, for plaintiff in error.

A. N. Boatman, of Okmulgee, and C. A. Ambrister, of Muskogee, for defendant in error.

BAYLESS, J. The sole issue tried below and to be determined here relates to the liability of Whipps, Inc., a corporation, in garnishment in aid of execution, to Kling Brothers & Company, a judgment creditor of H. E. Whipps et al., a partnership.

May 5, 1926, Kling sued H. E. Whipps et al. to recover $1,922.34 on account, and recovered a judgment for $747.27, which was appealed, and was reversed and remanded for retrial in September, 1928 (Kling v. Whipps, 132 Okla. 253, 270 P. 79). In 1928 Whipps purchased the other partner's interest and owned and conducted the business for several years. The case remained on the trial docket for several years without being retried. Early in February, 1932, Whipps, Inc., was formed, and it purchased the business from Whipps, issuing him $15,000 worth of the capital stock as a consideration. It is admitted this sale covered the stock of goods, and it is likewise admitted that the Bulk Sales Law, 24 O. S. 1941 §§ 71-74, applied but was not complied with. October 14, 1935, the action was tried again, and resulted in judgment for Kling for $1,922.34, with interest, and this was affirmed on appeal March 22, 1938 (Whipps v. Kling, 182 Okla. 382, 78 P. 2d 291). In September, 1936, a hearing was had in relation to the enforcement of the judgment of 1935, and at that time Kling's attorney was informed of the sale by Whipps to Whipps, Inc.

November 7, 1938, Kling began proceedings in garnishment after judgment under 12 O. S. 1941 §§ 863-864, and certain interrogatories propounded by Kling's attorney were, by the court clerk, ordered answered. Whipps, Inc., answered these interrogatories and filed an additional answer pleading the statute of limitations, especially 12 O. S. 1941 § 95, and pleading estoppel by lapse of time involving knowledge and nonaction. Kling served notice it took issue, and the matter was heard before a jury.

Judgment was rendered for Kling, and Whipps, Inc., appeals, and Kling appeals with respect to the interest allowed.

The only contention urged by Whipps, Inc., relates to the statute of limitations, based on subdivision 3 of 12 O. S. 1941 § 95. By this statute an action based on fraud must be brought within two years after the discovery of the fraud.

It is argued that because sales made without complying with the Bulk Sales Law are denounced as presumptively "fraudulent" and therefore void, fraud is the gravamen of the liability; and it is further pointed out that, in addition to the physical facts surrounding the sale by Whipps to Whipps, Inc., Kling also had notice through information obtained at a hearing on September 14, 1936. From this it is argued that when these garnishment proceedings were commenced in November, 1938, the right to resort thereto was barred by the lapse of two years.

Before proceeding further, we wish to say that there is not sufficient evidence in the record that Kling had notice of the sale by Whipps to Whipps, Inc., prior to September 14, 1936, to support a finding of notice of fraud within section 95, supra.

In addition to this, we observe that Whipps, Inc., made no effort in its pleadings or in its brief to use the lapse of time between the sale in 1932 and

the hearing on September 14, 1936, in support of the pleas of limitations and estoppel. In its reply brief some reference is made to the six-year period between the sale and the garnishment, but we do not think this is definite enough.

Therefore, we feel that the issue of law to be determined turns on the application of proper rules to the discussion of Kling's failure to act for more than two years after the discovery of the sale and the knowledge it was made in violation of the Bulk Sales Law.

Before taking issue with Whipps, Inc., on the question of the nature of the liability created by law, and resting on Whipps, Inc., by virtue of the Bulk Sales Law, and what statute of limitations is applicable, Kling asserts that Whipps, Inc., is precluded by law from urging any legal objection based on the passing of time and the failure of Kling to act.

The rule of law Kling calls to our attention to support this argument has been stated by this court thus in Jarecki Mfg. Co. v. Fleming, 179 Okla. 62, 64 P. 2d 659: Where a judgment debtor appeals and supersedes the judgment, thereby restraining the efforts of the judgment creditor to enforce payment of the judgment, the statutes of limitation will be tolled, and the period of time the judicial restraint is in effect will be deducted from the period sought to be applied.

We think it well at this point to scan the entire period of time that has elapsed since the filing of the action. In 1928, when the action was filed, Kling had no right of garnishment against Whipps, Inc., and it did not have any right of garnishment until in February, 1932, when Whipps sold to Whipps, Inc., and each of them failed to comply with the Bulk Sales Law. Of the then right to garnishee Whipps, Inc., Kling had no notice or knowledge, for it is admitted that Kling was not given notice of the sale in 1932, and it is admitted that Kling was not given any information about the sale until late in 1936. The

judgment was rendered in 1935, and appealed; and it was superseded late in 1936, and the mandate of the Supreme Court, issued following the determination of the appeal, was filed sometime after March, 1938.

It is well, also, to consider the remedies available to Kling in this period. As pointed out above, Kling had no right to garnishment against Whipps, Inc., until after February, 1932. From that time until 1935, when the judgment was taken, the remedy available to Kling (although unknown to it) was garnishment at the commencement of the action. After the judgment was obtained and until this date (deducting the period of time the supersedeas bond was in effect) the remedy available to Kling was garnishment after judgment in aid of execution.

We are of the opinion that no statute of limitations ought to apply to the remedy of garnishment at the commencement of the action owing to the fact that Whipps, Inc., violated the Bulk Sales Law and did not give Kling the notice required by law and Kling did not acquire notice otherwise until after the judgment had been obtained and the remedy of garnishment at the commencement of the action had terminated by operation of law by the rendition of judgment.

We are of the opinion that no statute of limitations could apply after the judgment with respect to the remedy of garnishment after judgment. It must be noted that less than two years elapsed between the time the judgment was rendered and the commencement of these proceedings, after the period the supersedeas was in effect is deducted. In other words, while some six years elapsed between the time Whipps, Inc., became subject to garnishment, there was never a period of time equal to a period of limitations when Kling could exercise the remedy of garnishment at the commencement of the action or the remedy of garnishment after judgment in aid of execution.

Whipps, Inc., insists that much of the

facts related and the argument presented is based upon conduct of Whipps, the individual, and since the corporation is not responsible for his acts, there is no legal basis for applying to it a rule of law in any wise colored by Whipps' conduct. For instance, it points out that it never took any steps, from the time it purchased the merchandise in 1932, to prevent Kling from pursuing its remedy under the Bulk Sales Law. Whipps, Inc., points out that it was Whipps, the individual, who superseded the judgment. All of this is true. However, Whipps, Inc., overlooks the fact that when it purchased from Whipps and neither of them undertook to comply with the Bulk Sales Law, they both became, in effect, joint violators of the Bulk Sales Law, and to that exent it seems to us logical to say that Whipps, Inc., could thereafter be affected in the eyes of the law by acts done or omitted to be done by Whipps with respect to which Whipps, Inc., had a secondary responsibility in the nature of a liability in garnishment. It seems to us that no statute of limitations would run in favor of Whipps, Inc., so long as Whipps, the individual, effectually interposed legal obstacles to the ability of Kling to have the aid of the courts in the collection of this obligation.

Kling has argued in its brief a matter which is said it called to our attention by its cross-appeal. The records of the court do not reflect that Kling filed a cross-petition in error, and for this reason, it is not authorized to present this matter in its brief nor are we required to notice or decide it.

The judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and ARNOLD, JJ., absent.