David T. DARBY, Trustee in Bankruptcy of Trend House Furniture, Inc., Bankrupt, Plaintiff,

v.

EWING'S HOME FURNISHINGS, a co-partnership composed of Van Ewing and Finis Ewing, Defendant.

Civ. No. 67–371.

United States District Court
W. D. Oklahoma.

Dec. 26, 1967.

Norman E. Reynolds, Oklahoma City, Okl., for plaintiff.

William H. Mattoon, Norman, Okl., for defendant.

EUBANKS, District Judge.

The complaint in this case alleges that plaintiff is a Trustee in Bankruptcy of Trend House Furniture, Inc. It is further alleged that on or about the 5th day of December, 1966 the bankrupt transferred certain properties to the defendant in violation of the bulk transfer sections of the Oklahoma Statutes. It is specifically alleged that the transfer by the bankrupt to defendant was made without compliance with the "bulk transfer" provisions of the Oklahoma Statutes, specifically Title 12A Sections 6–104 to 6–107 of the Oklahoma Statutes, in that transferee defendant did not require the transferor bankrupt to furnish a list of his existing creditors before the sale was consummated and that transferee defendant failed to give notice to the creditors of transferor. The complaint alleges other grounds as the basis for its claim that the transfer was invalid including the claim that the transfer was made without adequate consideration and that same was made within one year prior to the filing of the petition in bankruptcy. Plaintiff seeks by this action to recover a money judgment against the defendant in the amount of $13,052.50 which is alleged to be the value of the merchandise transferred to defendant on the date of the transfer.

Defendant has filed motion to dismiss and motion for summary judgment

wherein by attached affidavit, it is generally alleged that the stock of merchandise purchased by defendant from the bankrupt had a factory invoice cost of $11,270.30 and that defendant's transactions with the bankrupt was accomplished after bona fide negotiations and at an "arms-length" deal. The affidavit further states that the purchase price represented at least 70 to 75 cents on the dollar of the wholesale invoice cost which was more than a fair price considering that defendant acquired the entire lot to be purchased including damaged merchandise, discontinued styles, odds and ends, and other items which were valued substantially less than the 70 to 75 cents of original cost which defendant paid to the transferee. Defendant makes the contention since, as shown by affidavit, a fair consideration was paid for the goods and since the plaintiff does not seek to re-claim the property or to avoid the transfer but is seeking a money judgment the plaintiff cannot prevail against the defendant who is a good faith purchaser for fair consideration. In support of this contention defendant cites Rogers' Milling Co. v. Goff, Gamble & Wright Co., 46 Okl. 339, 148 P. 1029; Johnston v. Stromon Motor Supply Co., 182 Okl. 126, 76 P.2d 373, and Whipps, Inc. v. Kling Bros. & Co., 191 Okl. 163, 127 P.2d 166. These cases hold generally to the effect that under the Oklahoma bulk sales law a plaintiff must enforce his remedy by attachment or garnishment and cannot recover individually against the vendee.

The foregoing was undoubtedly the law in Oklahoma prior to its adoption of the Uniform Commercial Code, but it is my opinion that this law was changed when, in 1961, the Oklahoma Legislature adopted the Uniform Commercial Code which became effective at midnight on December 31, 1962. Pertinent provisions of the Uniform Commercial Code now in effect in Oklahoma are:

12A OSA § 6–104 which provides in part that

"Except as provided with respect to auction sales (Section 6–108), a bulk transfer subject to this Article is ineffective against any creditor of the transferor unless: [a] The transferee requires the transferor to furnish a list of his existing creditors prepared as stated in this section; and [b] the parties prepare a schedule of the property transferred sufficient to identify it."

12A OSA § 6–105 provides:

"In addition to the requirement of the preceding section, any bulk transfer subject to this Article except one made by auction sale (Section 6–108) is ineffective against any creditor of the transferor unless at least ten days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of the transfer in the manner and to the persons provided in (Section 6–107)."

12A OSA § 6–107 provides:

"The notice to creditors provided for in (Section 6–105) shall state: [a] that a bulk transfer is about to be made; and [b] the names and business addresses of the transferor and transferee, and all other business names and addresses used by the transferor within three years last past so far as known to the transferee; and [c] whether or not all the debts of the transferor are to be paid in full as they fall due as a result of the transaction, and if so, the address to which creditors should send their bills."

12A OSA § 6–106 provides that in addition to the requirements of § 6–104 and § 6–105:

(1) Upon every bulk transfer subject to this Article for which new consideration becomes payable except those made by sale at auction it is the duty of the transferee to assure that such consideration is applied so far as necessary to pay those debts of the transferor which are either shown on the list furnished by the transferor (Section 6–104) or filed in writing in

the place stated in the notice (Section 6–107) within thirty days after the mailing of such notice. This duty of the transferee runs to all the holders of such debts, and may be enforced by any of them for the benefit of all.

(2) If any of said debts are in dispute the necessary sum may be withheld from distribution until the dispute is settled or adjudicated.

(3) If the consideration payable is not enough to pay all of the said debts in full distribution shall be made pro rata.

The 1964 edition of "Forms and Procedures Under the Uniform Commercial Code, by William F. Willier, Professor of Law, Boston College Law School, and Frederick M. Hart, Professor of Law, Boston College Law School, says in Section 61.03

"Even when Article 6 applies, the Code does not make the transfer illegal or automatically void because the parties have failed to act in accord with the provisions of the Article, and, *except* in those states which have adopted the optional Section 6–106, no personal liability attaches to the transferee for want of compliance. Since the results flowing from noncompliance are limited, and evaluation of the risks involved in not following the required procedure of Article 6 may be worthwhile in those situations where an otherwise profitable transaction would be rendered impractical by the delays and paper work required by Article 6. For example, the necessity of waiting ten days after giving notice of the sale before taking possession might interfere with the transferee's plans for a quick resale. If the transferee has complete confidence in the solvency of the transferor and his willingness to pay creditors, he may be satisfied that compliance is unnecessary. However, this decision should be made *cautiously as the mere failure to follow the requirements of Article 6 opens even an honest transfer to attack and may, where Section 6–106 has been enacted, impose personal liability on the transferee.*" [Italics mine]

In Section 66.02 the authors state:

"Section 6–106, makes the transferee *personally liable* to holders of debts owed by the transferor if there is a failure to comply with this provision. A limited degree of protection is afforded the transferee by Section 6–109 which gives the transferee credit for sums paid to creditors in good faith even though these payments were not correctly made."

█ From the foregoing it is abundantly clear that a "Bulk Sales" transferee who fails to comply with the sections of the Uniform Commercial Code above cited renders himself personally liable to creditors of transferor for the value of the property purchased or the amount he paid therefor.

I am of the further opinion that the suit in this case is properly brought by the Trustee.

█ Since defendant makes no contention of compliance with the cited provisions of the Uniform Commercial Code but only contends that he paid a fair consideration for the goods at an "arms-length" transaction, the motion for summary judgment and motion to dismiss are without merit and accordingly are overruled. Defendant will have fifteen days from the date hereof in which to answer.