205 N.J. Super. 516 (1985)
501 A.2d 560
SBAR'S, INC., PLAINTIFF-RESPONDENT,
v.
NEW JERSEY ART & CRAFT DISTRIBUTORS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1985.
Decided November 22, 1985.
*517 Before Judges ANTELL, MATTHEWS and SHEBELL.
Andrew J. Karcich argued the cause for appellant (Sherman, Silverstein & Kohl, attorneys; Mr. Karcich of counsel and Mary K. White on the brief).
Robert A. Gleaner argued the cause for respondent (Lario and Nardi, attorneys).
The opinion of the Court was delivered by, ANTELL, P.J.A.D.
Defendant, a bulk sale purchaser from Art Marts, Inc., failed to give a ten day notice of sale to plaintiff, an unsecured creditor of Art Marts, as required by N.J.S.A. 12A:6-105. Under that enactment the transfer is therefore "ineffective." Shortly after the sale plaintiff sued Art Marts and defendant for the full amount of Art Marts' obligation to plaintiff. One month later Art Marts filed a petition in bankruptcy. Pursuant to an order of the bankruptcy court, defendant paid the purchase price in part to satisfy the claim of a secured creditor. The balance was paid to the trustee in bankruptcy who then applied it in satisfaction of an IRS lien and against administration expenses. There were insufficient monies remaining to answer the claims of unsecured creditors. Defendant now appeals from an order of the Law Division adjudging defendant answerable to plaintiff for the full amount of Art Marts' debt to plaintiff.
The transfer being ineffective, the remedy available to plaintiff was to execute upon the goods or, if they are not in the transferee's possession, to seek personal liability against the *518 transferee for the value of the goods. J.C. Smith & Wallace Co. v. Goldner, 92 N.J. Eq. 504 (Ch. 1921);[1]Darby v. Ewing's Home Furnishing, 278 F. Supp. 917 (D.C.W.D.Okla. 1967); White & Summers, Uniform Commercial Code, § 19-4 at 769-770 (2d Ed. 1980); Anderson, Uniform Commercial Code, § 6-104:7 at 401-402 (3d Ed. 1985). We have been shown no support for the proposition that under the circumstances of this case the amount of a transferor's debt may be recovered by its creditor from a non-complying transferee, as the Law Division ordered, without regard to the value of the goods.
We disagree with defendant's contention, however, that because the purchase price was applied to the transferor's debts through the bankruptcy court, defendant satisfied its duty to see that the consideration paid for the bulk transfer was paid to the transferor's creditors and that it is therefore free of further liability to the creditors. Reliance for defendant's argument is placed on N.J.S.A. 12A:6-106. But that statute discharges a bulk sales purchaser from liability only where the consideration is paid into the County Court and written notice thereof by certified or registered mail is given to the creditors. Defendant has not satisfied either of these conditions. Furthermore, the provision relied on does not relieve a transferee from the consequences of non-compliance with the notice provision of N.J.S.A. 12A:6-105.
We conclude that defendant may be ordered to satisfy the debt owing by Art Marts to plaintiff only to the extent of the fair value of the goods transferred.[2]National Bank of Royal Oak v. Frydlewicz, 67 Mich. App. 417, 241 N.W.2d 471, 474 *519 (Ct.App. 1976). Defendant is to be credited with all payments heretofore made to creditors through the trustee in bankruptcy and pursuant to the order of the bankruptcy court. See N.J.S.A. 12A:6-109(2).
The order under review is reversed and the matter is remanded to the Law Division for a determination as to the fair value of the goods transferred by Art Marts to defendant as part of the bulk sale and for all further proceedings not inconsistent herewith which may be necessary for a final determination of the cause.
NOTES
[1] Although the New Jersey Study Comment (2) to N.J.S.A. 12A:6-104 observes that this decision has been "overturned" by the statute, this is so only as to whether the non-complying transfer is void or voidable. The distinction is irrelevant within the context of this appeal.
[2] We understand that a similar claim is being pursued against defendant by at least one other unsecured creditor of Art Marts and express no opinion as to the manner in which defendant's payments shall be distributed.