FUTTERMAN et al. v. GOTT.

No. 14503—Opinion Filed Nov. 6, 1923.

(Syllabus.)

New Trial—Grounds—Verdict Contrary to Evidence.

It is the duty of the trial court upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict,

and, if the verdict is such that in the opinion of the trial court it should not be permitted to stand and in his opinion should have been for the other party, to grant a new trial; but this duty of the court does not prevent the trial court from yielding his impression or opinion and adopting that of the jury, if, upon consideration of the evidence, the court is of the opinion that the verdict is right and by reason thereof yields his own opinion to that of the jury.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Nancy Gott against Samuel Futterman and another. Judgment for plaintiff, and from order overruling motion for new trial defendants bring error. Affirmed.

Ezra Brainerd, Jr., and C. P. Gotwals, for plaintiffs in error.

Archibald Bonds and Kelly Brown, for defendant in error.

COCHRAN, J. In the trial of this case in the district court of Muskogee county a verdict was rendered by the jury in favor of the plaintiff, and the defendants filed a motion for a new trial, which was heard by the trial court, and, in overruling the motion for a new trial, the trial judge stated as follows:

"May be I would not agree with the verdict in this case. I hardly know what I would have done had I been on the jury. But where a jury has been fairly instructed and has passed squarely on the question of fact. I hate to impose my own views in the matter. And the court, therefore, finds that said motion for a new trial should be overruled."

The defendants contend that the cause should be reversed because the above statement shows that the trial judge did not either approve or disapprove the verdict of the jury, and that his failure to do so was a failure to perform a duty imposed upon him by law. The defendants rely upon the cases of Hogan v. Bailey, 27 Okla. 15, 110 Pac. 890, White v. Dougal, 60 Okla. 200, 159 Pac. 907, Hennessey Oil & Gas Co. v. Neeley, 62 Okla. 101, 162 Pac. 214, and Chicago, R. I. & P. Ry. Co. v. Warren, 63 Okla. 190, 163 Pac. 705.

In Chicago, R. I. & P. Ry. Co. v. Warren, supra, the court said:

"It is the duty of the trial court, upon a motion for new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weight the evidence and to approve or disapprove the verdict, and, if the verdict is such that in the opinion of the trial court it should not be permitted to stand and in his opinion should have

been for the other party, to grant a new trial."

In the body of the opinion, the court states:

"This duty of the court does not prevent his yielding his impression or opinion and adopting those of the jury, if upon consideration of the evidence the court is of the opinion that the verdict is right, and by reason thereof yields his own opinion to that of the jury, and, so yielding, approves the verdict."

It is our opinion that the language used by the trial court does not show a failure of the court to approve or disapprove the verdict of the jury, but simply shows that after fully considering the verdict and fully realizing his right to grant a new trial in the face of a verdict by the jury, he yielded any impression or opinion which he might have had from the facts and adopted that of the jury, believing that, the jury having rendered a verdict after a full consideration of the facts and the evidence and after having been fairly instructed, he should yield his own opinion to that of the jury.

We are of the opinion that a fair interpretation of the language used shows an approval of the verdict of the jury by the trial court. The cases relied upon by the defendants are cases where the statements made by the trial court either showed that he disapproved of the verdict of the jury or the language was such as to show that the trial judge did not approve or disapprove the verdict, and believed that it was not within his power to do so. The instant case is not to be confused with those cases, because, as we have stated, it is our opinion that the language used by the trial court shows an approval of the verdict by the trial court.

The judgment of the trial court is, therefore, affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.