**HALL et al. v. POLSON et al.**

No. 17932.  Opinion Filed Jan. 31, 1928.

Rehearing Denied April 3, 1928.

(Syllabus.)

**New Trial—Motion on Ground That Verdict Is Contrary to Evidence—Duty of Trial Court in Making Decision.**

It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and, if the verdict is such that in the opinion of the trial court it should not be permitted

to stand and in his opinion should have been for the other party, to grant a new trial; but this duty of the court does not prevent the trial court from yielding his impression or opinion and adopting that of the jury, if, upon consideration of the evidence, the court is of the opinion that the verdict is right and by reason thereof yields his own opinion to that of the jury.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by William Polson et al. against Sam C. Hall et al. From an order sustaining motion for new trial and vacating the verdict for defendants, defendants appeal. Affirmed.

Abernathy & Howell, for plaintiffs in error.

Humphrey & Campbell and W. A. Chase, for defendants in error.

RILEY, J. Defendants in error commenced this action against plaintiffs in error and sought $140,000 judgment, by reason of an alleged breach of contract to drill a well for oil and gas on 120 acres of land in Seminole county. The defense was that of fraudulent representatations as an inducement to enter into the contract and rescission upon discovery of the alleged fraudulent inducement. There was a sharp conflict of testimony. The defendants' evidence showed alleged oral representations that certain other oil companies would furnish fuel, water, and casing and that another interested in developing his holding in the district would give a considerable sum of cash as "bottom hole" money for a well of a specified depth at the location indicated in the contract. In fact the parties to the contract entered into a written supplemental agreement on the next day after the date of the original contract, and in the supplemental agreement in a general way there was embodied the matters alleged as fraudulent inducements and heretofore set out. Defendants brought evidence to show that in fact the other certain oil companies in the field had promised plaintiffs nothing and would not and did not give anything to defendants to secure the well mentioned in the contract herein. On the other hand, plaintiffs stoutly denied the alleged fraudulent inducement and vigorously maintained that the written contract embodied all agreements between the parties. The jury accepted the testimony of defendants Hall and Wood and rendered verdict for them and it might be said the court accepted the veracity of plaintiffs and granted a new trial.

The reason of the doubt as to the court's judgment in the matter is by virtue of the fact that the trial judge assigned no reasons for his act in granting new trial, whereas the motion for new trial requested the act upon many grounds; amongst them were:

"Fourth. That the verdict of the jury so returned herein was not sustained by sufficient evidence."

And:

"Seventh. That errors of law occurred at the trial of this cause, and these plaintiffs duly excepted thereto in many respects, as shown by the record herein, and in respects as were specifically stated. * * *" (Then follows six paragraphs of specifications of alleged errors of law.)

Hall and Wood present their appeal solely upon the ground of abuse of discretion of the trial judge in the order granting new trial. Appellants argue their case under the seventh paragraph of the motion for new trial, to wit, errors of law, and with an extensive brief and generous citation of authorities, contend that there was no error of law occurring at the trial; that the court ruled properly upon the admission of evidence and properly instructed the jury, and by a painstaking review of the whole proceedings contend that the only error committed was that in granting a new trial. They further say that the only matter presented to the lower court for its consideration of, and in its deliberation over the motion for new trial was alleged errors of law. But here again we are confronted with a sharp conflict between contentions of counsel. Likewise, in this more recent conflict, we have no way of knowing the facts for the record is silent. From it we cannot ascertain the course of the inquiry on rehearing, neither the authorities or cases presented, nor the statements, findings, ideas, or specific conclusions of the trial judge.

In our decision, if we say there were no errors of law occurring at the trial under the seventh paragraph, supra, what will we say concerning the fourth, to wit, the sufficiency of the evidence to support the verdict? We will say in reverse order and continue as long as necessary.

20 R. C. L. 273, par. 56, reads as follows:

"* * * It is not, however a sufficient ground for a new trial that the verdict is merely against a preponderance of the testimony or that the court from a consideration and examination of the testimony might have arrived at a different result, but the verdict must be manifestly and palpably against the evidence in the case."

And further:

"Some authorities incline to the view that a new trial on the ground that the verdict is against the evidence should not be granted unless the verdict is so manifestly against the evidence as to show that the jury adopted some wrong principle in their deliberations, or that their minds were not open to reason and conviction, but for some cause were improperly influenced, as by passion, ignorance, partiality, or corruption." And modifications of that extreme rule exist in many states.

In 4 C. J. 834, the general and wholesome rule is stated as follows:

"Nevertheless, the discretion of the court in granting a motion for a new trial for insufficiency of the evidence to support the verdict is a legal discretion, not an arbitrary one, and an abuse thereof will ordinarily constitute a ground for reversal."

And again, in 20 R. C. L. 277, it is said:

"It is the province of the jury in the trial of civil cases to consider the whole volume of testimony, estimate and weigh its value, accept, reject, reconcile and adjust its conflicting parts and be controlled in the result by that part of the testimony which it finds to be of greater weight. As the jury is the exclusive judge of the evidence, it must in reason be the exclusive judge of what constitutes the preponderance of the evidence, and when that judgment is reached upon evidence sufficient to support a verdict, it should not be disturbed by the court."

And by paragraph 61:

"Where the determination of an issue of fact depends upon the credibility of witnesses, and where a jury would be justified in coming to a conclusion either way, according to the credence to be given the testimony on the respective sides, the issue is for the jury, even though the court is convinced as to where the truth lies, and the court will not interpose for the purpose of granting a new trial, unless it be in order to remedy some manifest error. In such a case it is not enough that it is clear that the verdict is right; but it must plainly appear that it is wrong to induce the court to set aside the verdict. If the verdict to which the jury have agreed is a conclusion to which twelve honest men, acting fairly and intelligently, might come, then it is final, and cannot be disturbed. In such a case, if the trial judge should set aside the verdict, he would himself be in error. He would pass the bounds of his own proper function and invade the province of the jury."

It seems to the writer that Oklahoma has taken the other extreme of the rule by holding that the trial court's duty is to weigh the evidence as a chancellor and that

if he cannot conscientiously approve the verdict, it is his duty to set it aside and grant a new trial.

There are nine grounds upon which the trial court may order a new trial as provided by the Code, section 572, C. O. S. 1921. These causes are exclusive. St. Louis I., M. & S. Ry. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396; First Nat. Bank of Taloga v. Farmers State Guaranty Bank of Thomas, 62 Okla. 30, 161 Pac. 1063; Jones v. Johnson, 77 Okla. 14, 185 Pac. 1082. And courts are vested with a large discretion in granting new trials. Sipes v. Dickinson, 39 Okla. 740, 136 Pac. 761. This discussion is strictly limited to the sixth statutory ground.

In Metropolitan Life Insurance Co. v. Plunkett, 109 Okla. 148, 234 Pac. 722, it is held:

"Every presumption is in favor of the regularity of the trial court's action. He sits as the **thirteenth juror**, and, if he is not satisfied with the fairness and justice of the result, it is his duty to order a retrial. No reason is given for the action of the trial court, and the presumption of correctness, therefore, applies with especial vigor and force."

That is stating the rule as broad as it may be stated. Here, as there, a trial judge under that rule has considerable more voice, force, and effect than a thirteenth juror, for in a civil action nine jurors may return a verdict. Herein there were eleven jurors who signed the verdict; one juror evidently did not agree. There were yet two more jurors to spare and the verdict would have remained the same. So, then, it is a misnomer to call the judge the thirteenth juror, for his power under such a rule is at least equal to the whole jury and more forceful because last effective. So, too, under such rule an action at law is in fact upon the same plane as an action in equity. The rule that a verdict in a law action will not be disturbed on review if there is any competent evidence to support it is reduced to the same requirement as an equitable action requiring the weighing of the evidence by the rule as stated in White v. Dougal, 60 Okla. 200, 159 Pac. 907, and the general rule in Oklahoma, as recorded in De Meglio v. Studebaker Corporation of America, 73 Okla. 177, 175 Pac. 342:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict upon the ground that it is contrary to the evidence, to **weigh** the evidence and to approve or disapprove the verdict, and if the verdict is such that in **the opinion**

of the trial court it should not be permitted to stand, and it is such that he cannot **conscientiously** approve it, and he **believes** it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

As we view it, the trend of the decisions of this court has been too broad as applied to motions for new trial in law actions, where a jury passes upon disputed facts, and where there is a conflict in the evidence; moreover, when such a motion is sutained, we think it far better practice on the part of trial courts to state in the record the ground upon which the court sustains or overrules such a motion.

However, we do not feel justified in reversing the decision of the trial court in granting the motion for new trial, by reason of the fact that every presumption is indulged in support of the judgment rendered, and consequently we must indulge the presumption that for some reason the verdict shocked the conscience of the court. A reversal would have the effect of arbitrarily forcing the approval by the trial court of the verdict rendered.

Mr. Justice Dunn, in Hogan v. Bailey, 27 Okla. 17, 110 Pac. 890, said that the trial court has a higher function under our jurisprudence than to\ act merely as a moderator or umpire between contending adversaries before a jury, and that duty compels the trial court to see to it that the verdict is responsive to the demands of justice.

Mr. Justice Burwell said the approval of the verdict means the assent and approval of mind after due consideration, and that when assent of mind could not be had, then the verdict is not supported by the evidence so as to merit its approval; that when reason and judgment rebel against the conclusion reached, the court cannot be said to approve a verdict. Yarnell v. Kilgore, 15 Okla. 591, 82 Pac. 990.

Mr. Justice Valentine, of the Kansas court, said courts are vested with a very large and extended discretion in granting new trials, and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, has not in all probability obtained substantial justice, although it might be difficult for the trial court to state the ground. Sedan v. Church, 29 Kan. 190.

Mr. Justice Brewer, of Kansas, said:

"But when his judgment tells him that it is wrong, that whether from mistake or prejudice or other cause the jury has erred and found against the fair preponderance of the evidence, then no duty is more imperative than that of setting aside the verdict and remanding the question to another jury."

Literally thousands of cases have been written upon this subject, wherein it is declared to be the duty of such trial court to weigh the evidence. Surely it is but logical that the weighing of the evidence at such a station of the proceedings is not for the purpose of substituting the judgment of the court upon facts for that of the jury, but only for the purpose of determining whether the verdict was right and whether substantial justice had been done between the parties. C., R. I. & P. Ry. Co. v. Warren, 63 Okla. 190, 163 Pac. 705; White v. Dougall, 60 Okla. 200, 159 Pac. 907; People v. Chew Wing Gow (Cal.) 52 Pac. 657.

The case of Poynter v. Beacon Falls Rubber Co., 115 Okla. 245, 242 Pac. 563, cited upon rehearing, deals with the rule relative to review of orders granting new trials on questions of law, simple, pure and unmixed. For reversal, that rule requires an affirmative showing of error. Sufficiency of evidence was not there relied upon, but the grounds set out were: (1) Newly discovered evidence; (2) errors of law; (3) misconduct of defendant; and (4) accident and surprise. This court said no one of those grounds was sufficiently established to warrant a new trial. Those facts and the law announced there are not applicable to the case at bar.

Certainly too much stress cannot be laid upon the wholesome statement contained in Futterman v. Gott, 96 Okla. 47, 220 Pac. 44:

"But this duty of the court does not prevent the trial court from yielding his impression or opinion and adopting that of the jury, if, upon consideration of the evidence, the court is of the opinion that the verdict is right, and by reason thereof yields his own opinion to that of the jury."

Under the authorities herein set out, the judgment must be affirmed.

MASON, V. C. J., and PHELPS, LESTER, and HEFNER, JJ., concur. HUNT, J., dissents.

BRANSON, C. J., concurs in conclusion.

Note.—See 29 Cyc. p. 821; 20 R. C. L. pp. 273 et seq.; 3 R. C. L. Supp. p. 1050; 4 R. C. L. Supp. p. 1349; 5 R. C. L. Supp. p. 1094; 6 R. C. L. Supp. 1200.