### YELLOW CAB OPERATING CO. v. McNAMARA.

No. 26062. Sept. 25, 1935.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Billups & Billups, for defendant in error.

PER CURIAM. This action was commenced by the plaintiff to recover for personal injuries which resulted after a collision of a Dixie taxicab and a Yellow taxicab at Grand and Broadway in Oklahoma City. The plaintiff was an employee of the Dixie Cab Company, and according to his testimony was riding as a paid passenger with a companion, also an employee of the company, in a cab driven by a driver of the said Dixie Cab Company. Thus all three of the occupants of the Dixie cab were employees of the Dixie Cab Company, and the plaintiff and his companion were on the way home from work.

The testimony is hopelessly conflicting regarding the accident. It is the testimony and claim of the plaintiff that he entered the intersection approaching from the west to make a left-hand turn on Broadway on a green light, and that the defendant taxicab company by its driver came into the intersection on a caution or yellow signal and struck the cab in which he was riding broadside after it had made the turn on Broadway from the left-hand. It is the claim of the driver of the defendant taxicab and the testimony of the driver that he entered the intersection on a green signal, and that the cab in which plaintiff was riding was in the wrong line of traffic for a left-hand turn. Both the driver of the Yellow taxicab and the plaintiff testify that the cab in which they were driving was approaching the intersection at 15 miles per hour, while the other cab was approaching at approximately 25 miles per hour. In other words, it is the contention of the plaintiff that his car was going 15 miles per hour and the Yellow cab at 25 miles; and it is the contention of the driver of the Yellow cab that he was going 15 miles per hour while the driver of the Dixie cab was going 25 miles per hour. At the conclusion of the trial before a jury, a verdict was rendered for the defendant. The court set aside the verdict and granted a new trial.

It is claimed on behalf of the defendant that this is error. Such claim is made here upon the proposition that this court has announced that where there is nothing submitted to this court but a pure proposition of law upon the granting of a motion for new trial, it is error for the trial court to grant such motion when the proposition of law has been resolved in favor of the defendant by the trial court. The plaintiff in error alleges that the only question presented in the trial of the case was the defense of contributory negligence, and urges now that

when a jury had passed upon that proposition under the instructions of the court, that became final and binding on the parties litigant, and that where the court sets aside the verdict and judgment rendered thereon, the same is error. In other words, the proposition stated by the plaintiff in error is as follows:

"The Oklahoma Constitution, art. 23, sec. 6, provides: 'The defense of contributory negligence, or of assumption of risk, shall in all cases whatsoever be a question of fact, and shall, at all times, be left to the jury.' This provision applies to the trial court in passing on a motion for new trial where the question of contributory negligence is an issue by the pleadings, evidence, and instructions and the trial court is without power to grant a new trial where in so doing he necessarily passes on this issue."

Following this proposition as set out plaintiff in error admits that he knows of no case that has directly passed upon this question in this state, but alleges that if the trial court can, in effect, take this question from the jury by sustaining motion for new trial, the proposition of constitutional provision is as effectually defeated as it would be by the court sustaining a motion to direct a verdict where this issue is involved, and that certainly the trial court would have no such power.

To reverse the action of the trial court in this cause upon such statement would be to hold that the court considered no other error in the trial of the cause except the error of the jury in rendering a judgment for the defendant upon the evidence. From the record in the case, we cannot make such a statement. It is true that the defendant below requested the court to make certain findings and reasons for granting the motion for new trial. And it is also true that the court made certain statements in the order overruling the motion for new trial, one of which shows that he considered both parties negligent. The defendant had a right to request the court to make a statement of his reasons for granting the motion for new trial. Hall v. Polson, 130 Okla. 136, 265 P. 1068; Magnolia Pet. Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; Chicago, R. I. & P. Ry. Co. v. Pickett, 169 Okla. 123, 36 P. (2d) 284. But there is nothing that we find in the above cases which indicates that the case will be reversed where a new trial is granted where the reasons given by the court for granting the new trial do not indicate a clear abuse of discretion. In other words, the discretion is still with the trial

574

court. However, in the case of Chicago, R. I. & P. Ry. Co. v. Pickett, supra, this court announced the rule that even though reasons are given by the court in said order overruling the motion for new trial, or in the record of the proceedings thereof, this court will examine the entire proceedings to determine whether or not the court erred in granting such motion for new trial. And the court pointed out in that case that it was the abuse of discretion which warranted this court in setting aside the order granting a new trial.

A motion for new trial is addressed to the court's discretion. Billy v. Le Flore County Gas & Electric Co., 166 Okla. 130, 26 P. (2d) 149; Cohen v. Exchange Nat. Bank of Tulsa, 166 Okla. 177, 26 P. (2d) 910. In the case of Keystone Pipe & Supply Co. v. Crabtree, 169 Okla. 20, 35 P. (2d) 875, the court had the following to say:

"The trial court has a very large and extended discretion in granting a new trial, and a new trial should be granted whenever in the opinion of the trial court the defeated party has not in all probability had a reasonably fair trial, or received substantial justice. Ten Cate v. Sharp, 8 Okla. 300, 57 P. 645.

" 'In the granting or overruling of a motion for a new trial, the trial court has a broad discretion. Its judgment will not be interfered with on appeal, unless it clearly appears that the trial court has abused its discretion. Where a motion for new trial is granted, a showing for reversal should be much stronger than where a new trial is denied. Avery v. Goodrich, 138 Okla. 123, 280 P. 586;' Billy v. Le Flore County Gas & Electric Co., 166 Okla. 130, 26 P. (2d) 149."

" 'As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal. Burtschi v. Love et al., 105 Okla. 97, 231 P. 1048; "Billy et al. v. Le Flore County Gas & Electric Co., 166 Okla. 130, 26 P. (2d) 149."

Upon an examination of the proceedings had below in the trial, and the subsequent action of the court in granting a new trial, we are not prepared to say that the court abused its discretion, and the action of the trial court in granting a new trial is affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.