## ROSE v. OKLAHOMA CITY.
No. 28131. April 5, 1938.

J. L. Trevathan and Stuart, Bell & Ledbetter, for plaintiff in error.

A. L. Jeffrey and Leon Shipp, for defendant in error.

DAVISON, J. This is an appeal from a judgment of the district court of Canadian county dismissing plaintiff's action upon ordering the mandate spread of record in a former opinion of this court in the same action (Oklahoma City v. Rose, 176 Okla. 607, 56 P.2d 775).

It is shown that Joseph L. Rose, as plaintiff, filed his action against the city of Oklahoma City, as defendant, praying for damages alleged to have been caused by the defendant's negligent construction of a certain bank and dam across the channel of the North Canadian river at 39th street, as a part of the waterworks system of the defendant city. It was alleged that about two miles north of the concrete dam for Overholser Lake, the defendant and the Oklahoma Railway Company maintained a grade for the railway to cross, which also served as a dam between the settling basin and the principal lake, and that in the floods of June and October, 1923, the water was held back by reason of insufficient underpasses or openings, which caused damages to the plaintiff's land lying about two miles up the river.

The cause was tried to a jury and verdict of $11,000 for damages to plaintiff's land and $1,154 for destruction of plaintiff's crops was returned, upon which judgment was rendered in favor of the plaintiff in the sum of $8,154. The defendant appealed to this court, which rendered its decision therein reversing the judgment of the trial court. The mandate was issued to the trial court. The defendant filed its motion to spread the mandate of record and to dismiss plaintiff's action. The plaintiff filed an answer to the motion alleging that the plaintiff had new and additional evidence to offer at further trial of said action which would entitle plaintiff to a verdict upon the causes set forth in the petition, and asked that the motion for a judgment of dismissal be overruled. The court made its order to spread the mandate of record and rendered judgment dismissing plaintiff's action. It is from this judgment that the plaintiff has appealed to this court.

The plaintiff has assigned as error of the court: (1) The rendering of the judgment dismissing plaintiff's action; (2) in its refusal to set the cause for trial and permit the introduction of any additional evidence upon the merits of plaintiff's cause of action; (3) in its refusal "to take such other and further action as may be in accord with right and justice," and in rendering judgment against plaintiff for costs. All of these assignments were discussed together.

Upon what theory the plaintiff is basing his right to a new trial is very indefinite. The plaintiff is not asking to change the pleadings, but desires to retry the cause upon the same causes of action set forth in the petition. The plaintiff says that he has new and additional evidence which at a new trial will entitle him to a verdict and judgment against the defendant.

The plaintiff has not indicated upon what particular issue the additional testimony will be produced, but indicates that the additional testimony will be from witnesses who testified in the other companion cases involving the same flood.

The opinion of this court merely reversed the judgment and remanded the cause. No new trial was granted and no further hearing on the merits before the trial court was suggested. The mandate directed the trial court "to take such further action as may be in accord with right and justice and this opinion." Primarily, the plaintiff would neither be allowed a new trial nor be deprived of same under the remanding order. Each case must depend upon the individual facts shown. In St. Louis & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 P. 38, this court held:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion; and such court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts as the direct and proximate cause of plaintiff's injuries, and which facts have been adversely determined by the opinion of this court.

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination.

"In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court."

We find the same holding in many cases by this court, including the case of Board of Ed. of Independent School Dist. No. 11, Osage County, v. Philadelphia Fire & Marine Ins. Co., 156 Okla. 7, 9 P.2d 737, wherein this court further held:

"As a general rule, all questions open to dispute and decided, either expressly or by necessary implication, on appeal to this court, will not be open for review on the second appeal, but such decisions become the settled law of the case as to any such question, and is not subject to re-examination."

It is the practice of this court in reversing the judgment of the trial court to remand the cause for further consideration of questions and issues not properly submitted for determination by this court, as well as for errors committed by the trial court upon the trial of the cause. Often a new trial is granted by this court with instructions or suggestions for further procedure. In the case of McIntosh, Adm'r, v. Lynch, 93 Okla. 174, 220 P. 367, this court held:

"Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below, in justice to the parties, should permit such amendments upon such terms as to costs as it thought just, and it is reversible error to refuse to do so. Ball v. Rankin, 23 Okla. 801, 101 P. 1105."

To the same effect is Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 P. 654.

It clearly appears from the petition filed by the plaintiff in the instant case that the real issue in the cause upon which the suit was predicated was damages to plaintiff's farm due to the improper construction

and maintenance of the embankment constructed by the defendant to maintain its city water supply. It was admitted by council for the plaintiff that the testimony of W. H. Boyd covered the whole question of negligence in the construction of the dam and levee, which contained but one opening instead of three as formerly existed. The manner of the construction of the dam, its effect upon the water flow, and the damages suffered by the plaintiff were all fully presented to the court. Many witnesses testified as to the condition of the land and crops before and after the flood. It was established as an undisputed fact that the June, 1923, flood was the greatest flood on that river up to that date, and that the October, 1923, flood was much greater than the June flood.

As to whether or not the defendant was negligent in the construction of the embankment and levee and as to whether the same would and did retard the water in its flow, causing overflow and damages as a result of such negligence, were all questions fully considered by this court from the testimony shown in the record. Considering the testimony relative to the one opening in the embankment as compared with the three openings of the former embankment, in our former opinion, we said:

"On the other hand, C. E. Bretz, a witness introduced by the defendant, gave definite and explicit evidence as to the construction of the embankment. By his uncontradicted testimony it is established that the three original openings had a capacity of approximately 5,300 square feet and that the one opening after the new construction was completed had a capacity of 5,400 square feet; that by reason of the construction, the one opening would carry from 25 to 50 per cent. more than the three openings that had previously existed; that the one opening of 5,400 square feet capacity was sufficient to carry away the water of any previous flood on record; that it would carry from 25,000 to 30,000 cubic feet of water per second; that the record of the greatest flood prior to the construction was 13,640 cubic feet per second, and the opening was more than sufficient to take care of that amount of flood water; that the June, 1923, flood, the largest flood on record up to that time, had a capacity of 28.000 cubic feet per second, and that the October, 1923, flood had an estimated capacity of 133.000 cubic feet per second; that the construction was made by the defendant after consulting with nationally known authorities on the subject and the expenditure of a considerable sum of money in making such investigation, and the recommendations of these authorities were followed by the defendant in making the construction complained of. * * * The inevitable conclusion that must be reached in the light of the testimony of this witness, and the composite testimony of all of the witnesses that the floods of June and October, 1923, were unprecedented floods, is that the injury and damage suffered by the plaintiff came as a direct result of acts of God, and that such acts of God were the proximate cause of the loss and damage, for which defendant could not be held liable."

The plaintiff does not contend that the entire issue involved was not determined in the former appeal. The contention is that the court in that opinion arrived at the wrong conclusion and that the opinion should be reversed. It is sought to relitigate the identical matters and issues involved in the former appeal by the introduction of additional testimony. This court has held that this cannot be done in Board of Ed. of Independent School Dist. No. 11, Osage County, v. Philadelphia Fire & Marine Ins. Co., supra, and the former decisions of this court there cited.

For the reasons therein expressed, the court is of the opinion that the judgment of the trial court should be, and is hereby, affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and GIBSON, JJ., concur.