## BELFORD et al. v. ALLEN, Adm'r.

No. 28406. June 14, 1938.

Stephen A. George and John Clark Caldwell, for plaintiffs in error.

Williams & Williams, for defendant in error.

HURST, J. This is a companion case to Belford et al. v. Allen, Adm'r, No. 28227, 183 Okla. 256, 80 P.2d 671, decided May 10, 1938, wherein the administrator of the estate of Anna Davis, deceased, sought damages for fatal personal injuries. The administrator of the estate of T. J. Davis, deceased, brought the present action for damages for fatal personal injuries. Both causes of action arose out of the same accident. In the present cause the jury returned its verdict for the defendant. The trial court granted a new trial, the journal entry thereof reading in part as follows:

"* * * And the court, having heard the arguments of counsel and being advised in the premises, proceeded to weigh the evidence which had been adduced at the trial of this cause, and, after weighing the evidence, stated that the court did not agree with the verdict as rendered by the jury, and that the verdict was contrary to the evidence."

Defendants appeal and seek reversal on two grounds.

■ The first of these is that the trial court erred on a simple, pure, and unmixed question of law and therefore committed reversible error in the granting of said new trial. This contention is predicated on the fact that plaintiff did not attack the sufficiency of defendants' evidence by demurrer or motion for directed verdict. Defendants admit that the case of Bailey v. Sisson (1937) 180 Okla. 212, 69 P.2d 65, is directly contrary to their position. We adhere to the rule laid down therein.

■ The second proposition urged by defendants is that the trial court abused its discretion and acted arbitrarily in sustaining the motion for a new trial. In this connection, defendants admit that there was sufficient evidence, if it had been believed by the jury, to sustain a verdict for plaintiff, but contend that the evidence was so overwhelmingly against plaintiff that the granting of the motion for a new trial amounted to an abuse of discretion.

The rule is well established in this jurisdiction that where the evidence is conflicting, the trial judge, on a motion for new trial, has the duty to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that, in the opinion of the trial court, it should not be per-

mitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial. Alexander v. Alexander (1937) 179 Okla. 614, 67 P.2d 33; Bailey v. Sisson, supra; Nichols Transfer & Storage Co. v. Lumpkin (1937) 180 Okla. 350, 69 P.2d 640; Shreve v. Cornell (1938) 182 Okla. 193, 77 P.2d 1. Where the trial judge sustains the motion for new trial, every presumption will be indulged that such ruling is correct. Bailey v. Sisson, supra; Nichols Transfer & Storage Co. v. Lumpkin, supra.

Thus, in the instant case, when the trial court sustained the motion for new trial on the ground, in substance, that he could not conscientiously approve it, and where, as here, the evidence was conflicting and was such that the jury could have rendered a verdict for either party, as admitted by defendants, this court will not substitute its discretion for that of the trial court. Nichols Transfer & Storage Co. v. Lumpkin, supra.

Defendants rely on the cases of Hall v. Polson (1928) 130 Okla. 136, 265 P. 1068; Federal Surety Co. v. Little (1931) 156 Okla. 75, 9 P.2d 447; Russell v. Margo (1937) 180 Okla. 24, 67 P.2d 22, and Jordon v. City National Bank of Ft. Smith, Ark., (1937) 181 Okla. 223, 73 P.2d 435. We do not find these cases to be in conflict with the views herein expressed. In Hall v. Polson, supra, this court recognized the rules above cited and accordingly sustained the action of the trial court in granting a new trial, although the court did criticize the rules. Federal Surety Co. v. Little, supra, is not in point here, because there the trial judge specifically stated: "I thought my judgment was right and still think so," but granted the new trial because the losing party felt that he had been outraged. This case was tried to the court without a jury. It is plain that the court did not grant the new trial because he could not conscientiously approve the decision reached. Russell v. Margo, supra, and Jordon v. City National Bank of Ft. Smith, Ark., supra, are likewise not applicable here, for in both of said cases we said that there was not sufficient evidence to have sustained a verdict in favor of the unsuccessful party if the jury had rendered it.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.