BROWN v. BROTHERHOOD OF RAILROAD TRAINMEN.

97 P. 2d 62.

No. 28907.   Dec. 19, 1939.

Glenn O. Young, of Sapulpa, for plaintiff in error.

Roscoe E. Harper, Bradford J. Williams, Fenelon Boesche, and Charles T. Klein, all of Tulsa, for defendant in error.

CORN, J. By this appeal we are asked to review the record and reverse our opinion heretofore rendered in the case of Brotherhood of Railroad Trainmen v. Maud L. Brown, which opinion was rendered and filed on September 22, 1937, and reported in 180 Okla. 489, 71 P. 2d 742.

Upon return of the mandate to the district court of Creek county, from which the appeal originated, the plaintiff filed an amended petition in the case and procured a transfer to the superior court of said county. The defendant filed a cross-petition asking that the court costs and cost of case-made be taxed against the plaintiff, the purport and effect of which was nothing more than an application to tax the costs against the losing party. The defendant also filed a motion to spread the mandate of record and for judgment thereon, and to strike the amended petition from the files of the case. The superior court sustained the motion and rendered judgment upon the mandate and struck the amended petition from the files. From this judgment the plaintiff appealed. The case-made consists of the record in the former case supplemented by the above-mentioned pleadings filed subsequent to the filing of the mandate in said cause.

The rule announced in the case of St. L. & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 P. 38, has been consistently followed by this court in the disposition of appeals of this kind, the same being stated in paragraphs 1 and 2 of the syllabus, as follows:

"Where the findings and conclusions of the Supreme Court on appeal cover the entire case-made by the pleadings and evidence in the trial below, and nothing is left open for further examination in the trial court, and the case is simply reversed without directions, it is the duty of the trial court to enter judgment in accord with the opinion;

and such court is without jurisdiction to permit amendments to the petition, alleging an entirely different state of facts. * * *

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

Also see Board of Education v. Philadelphia Fire & Marine Ins. Co., 156 Okla. 7, 9 P. 2d 737; Rose v. Oklahoma City, 182 Okla. 422, 78 P. 2d 315, and cases cited therein.

In the decision in the former appeal there was nothing left open for further examination, and the court below properly struck the amended petition from the files in the case and rendered judgment upon the mandate for the defendant.

The judgment of the court below is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur.