ALLEN, Adm'r, v. BELFORD et al.

*100 P. 2d 855.*

No. 29122.   Jan. 30, 1940.

Rehearing Denied March 19, 1940.

Williams & Williams, of Ardmore, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, and Stephen A. George, of Ardmore, for defendants in error.

GIBSON, J. This is an action by an administrator to recover damages for the wrongful death of his decedent, and for damages to personal property.

The deceased was a nonresident and plaintiff is his local administrator under appointment of the county court of Love county. The defendants also are nonresidents. The death and property damage resulted from an automobile collision in said county.

This cause has been here before for a review of an order sustaining plaintiff's motion for a new trial. The order was affirmed and the cause remanded for further proceedings (Belford v. Allen, 183 Okla. 261, 80 P. 2d 676). At the second trial plaintiff obtained a verdict, but on defendants' motion the court granted a new trial. This appeal is from that order.

The aforesaid motion was sustained on two grounds: First, that no valid service of process was had upon defendants for the reason that section 10281, O. S. 1931, authorizing service upon nonresidents in such case, had been repealed prior to the occurrence of the accident; and, second, that the county court of Love county was without jurisdiction to appoint an administrator of the estate of the decedent, a nonresident, and therefore said administrator was without authority to maintain the action.

Defendants raised the question of service of process in their special appearance and motion to quash at the inception of the action. And by their demurrer they challenged the jurisdiction of the court and the capacity of the plaintiff to maintain the action. In these matters they were unsuccessful, but exceptions were properly saved to the rulings of the court, and in their pleading to the merits they attempted to reserve the questions for review.

Verdict was for defendants at the first trial, then the original appeal in this case, from an order granting plaintiff a new trial, intervened as aforesaid.

Plaintiff now asserts that the foregoing questions, if not expressly determined, were by implication settled on the former appeal adversely to defendants, or were waived by failure to present them on that occasion. Many decisions from this and other jurisdictions are cited.

The decisions referred to announce the rule generally that all disputed questions expressly or by necessary implication decided on a former appeal of a cause will not be open to review on a subsequent appeal, but are deemed settled by the former appeal. Rose v. Oklahoma City, 182 Okla.. 422, 78 P. 2d 315. In Pacific Mutual Life Ins. Co. v. Coley, 80 Okla. 1, 193 P. 735, the rule is stated as follows:

"The questions open to dispute, as expressed or by necessary implication decided on a prior appeal, will not be reviewed on a second appeal."

When an appeal is presented to this court, the plaintiff in error should insist upon every available ground disclosed by the record tending to support his position. Failure in this respect will waive further presentation of the questions at a subsequent appeal. Hence they are said to be determined by implication on former review.

On the former appeal the plaintiffs in error, defendants in error here, were attempting to show that the trial court erred in setting aside their verdict; they were seeking to sustain that verdict. If they were correct in their assertion that the court was without jurisdiction of their person, and plaintiff was without capacity to maintain the action, no verdict other than the one rendered was legally possible. These matters were or should have been fully set out in the former record, and the appealing parties could have obtained a review of the court's action with respect thereto. Had those questions, or either of them, been determined agreeably to the plaintiffs in error there, the former verdict was the only proper result of the trial, and this court would have been com-

pelled to reverse the order granting new trial and order the former verdict reinstated.

The grounds on which the trial court sustained the motion for a new trial in the instant case were questions properly open to dispute on the former appeal. They should have been presented by defendants, the appealing parties. Their failure so to do amounts to a waiver of these questions, and they are held to have been determined by implication on that appeal. The trial court therefore erred as a matter of law in granting the new trial in this case.

But defendants insist that this court in reviewing an order sustaining motion for new trial always confines itself to a consideration of the grounds assigned by the trial court for sustaining the motion, or, in the absence of specific grounds, to those set out in the motion. Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65. It is said in this behalf that questions other than those mentioned above were not properly to be urged at the former appeal, and that the instant questions were not reviewed by implication or waived.

In such case this court does confine its review of the order to the grounds assigned as aforesaid. But this has reference only to the grounds for new trial that will be considered; it does not mean that this court will refuse to consider any ground the plaintiff in error may urge in support of the verdict rendered in his favor and which was set aside. If he has such grounds, he must assert them at his first opportunity or he waives them, if they are of the character that may be waived.

The judgment of the trial court is reversed and the cause remanded, with directions to reinstate the verdict for plaintiff.

RILEY, CORN, HURST, and DANNER, JJ., concur.