## BELFORD et al. v. ALLEN, Adm'r.

No. 29305. April 30, 1940.

Rehearing Denied June 25, 1940.

*103 P. 2d 495.*

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, and Stephen A. George, of Ardmore, for plaintiffs in error.

Williams & Williams, of Ardmore, for defendant in error.

GIBSON, J. This appeal is from an order denying defendants' petition to vacate a judgment obtained against them in an action for wrongful death and for damages to personal property.

The deceased was a nonresident, and the plaintiff below is the local administrator of his estate under appointment of the county court of Love county. The death and property damage resulted from an automobile collision in said county.

This cause has been tried twice. The first resulted in a verdict for defendants, but plaintiff's motion for new trial was sustained and the order was affirmed by this court (Belford v. Allen, Adm'r, 183 Okla. 261, 80 P. 2d 676. The second trial resulted in a verdict and judgment for plaintiff. In due course the defendants filed their motion for new trial, and later the instant petition to vacate the judgment was filed. The trial court sustained the motion, but denied the petition.

From the order sustaining the motion the plaintiff appealed. The order was reversed and the cause remanded, with directions to reinstate the verdict (Allen, Adm'r, v. Belford, 186 Okla. 710, 100 P. 2d 855). Defendants take this appeal from the order denying the petition to vacate the judgment.

In substance, the petition to vacate charges that E. S. Allen, administrator of the estate of T. J. Davis, deceased, was an improper party plaintiff, and was unauthorized to maintain the action; that these facts were known to plaintiff and his counsel, and therefore a legal fraud was perpetrated upon the trial court. This charge is predicated upon the assertion that the county court of Love county was without jurisdiction to appoint an administrator for a nonresident decedent whose estate was then in process of administration in the state of his residence, and who left no property in Oklahoma.

But this same question was presented in Allen, Adm'r, v. Belford, supra, and there determined to constitute merely a matter of defect of parties plaintiff, and that such question could have been urged on the former appeal in Belford v. Allen, supra, and was held to have been determined by implication, or waived. We held in Allen, Adm'r, v. Belford that questions "pertaining to defect of parties plaintiff may be reviewed on defendant's appeal from an order sustaining plaintiff's motion for new trial, and if not there expressly decided, are, on subsequent appeal, deemed to have been determined by implication."

It is not shown that the defendants were unaware of the alleged invalidity of the order of the county court of Love county appointing administrator. In fact, it is charged in the petition to vacate and in the briefs that the order was void on its face in that the petition for

appointment affirmatively d i s c l o s e d want of jurisdiction in the county court. Defendants were evidently aware of these alleged defects from the beginning. They should have directed the attention of this court thereto at their first opportunity. We therefore fail to find merit in the allegation of legal fraud.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.