## ALLEN v. BELFORD et al. (HARTFORD ACCIDENT & INDEMNITY CO., Garnishee).

### No. 290 Civ.

District Court, E. D. Oklahoma.

Sept. 20, 1940.

W. J. Williams and J. E. Williams, both of Ardmore, Okl., for plaintiff.

F. A. Rittenhouse, John F. Webster, Walter D. Hanson, O. R. Rittenhouse, and A. J. Rittenhouse, all of Oklahoma City, Okl., for garnishee.

RICE, District Judge.

The plaintiff herein began garnishment proceedings against the Hartford Accident and Indemnity Company, a corporation, based upon a judgment obtained in the District Court of Love County, Oklahoma, against Harry E. Belford and Anna E. Belford. After obtaining this judgment against the principal defendants, the plaintiff had issued out of the District Court of Love County, Oklahoma, an execution which was returned unsatisfied on April 13, 1940. Thereupon the plaintiff filed its application for garnishment on April 13, 1940, procured a writ of garnishment out of the District Court of Love County on April 13, 1940, and prepared six interrogatories

to be answered by the garnishee. A writ of garnishment was served upon the defendant by leaving a true and certified copy with Jess G. Read, Insurance Commissioner of the State of Oklahoma. Service was made on the 16th day of April, 1940. By the terms of the writ of garnishment, the garnishee was required to answer the interrogatories propounded to it on or before the 25th day of April, 1940. The garnishee thereafter filed in the District Court of Love County a special appearance and motion to quash the purported issuance, service and return of the garnishment summons, for the reason "that same was not issued, served and returned in the manner required by law". Thereafter the cause was removed to this court and in this court the garnishee, upon the filing of answers to the interrogatories, renewed its objections to the service of process upon it and stated that the defects in the service of the garnishment writ were "that the same did not give sufficient time to defendant garnishee to answer, and for the further reason that Jess G. Read, Insurance Commissioner of the State of Oklahoma, and the statutory agent for the service of process, is not an agent upon whom service can be made in an action arising upon an Illinois contract".

■ The suit in the District Court of Love County, Oklahoma, arose out of an automobile accident occurring in said county. The defendants in said suit, Harry E. Belford and Anna E. Belford, were citizens and residents of the State of Illinois and the plaintiff Administrator was likewise a resident of the State of Illinois. The garnishee insurance company defended the suit in the District Court of Love County, Oklahoma, for and on behalf of the defendants Harry E. and Anna E. Belford. The first trial resulted in a verdict for the defendants. The plaintiff filed a motion for a new trial, which was granted by the trial court. From the order of the trial court granting a new trial, the defendants appealed to the Supreme Court of the State of Oklahoma. The Supreme Court of the State of Oklahoma affirmed the trial court. See 183 Okl. 256, 80 P.2d 671; 183 Okl. 261, 80 P.2d 676. A second trial was had, which resulted in a verdict for the plaintiff. The defendants filed a motion for a new trial and the trial court granted the motion of the defendants. The plaintiffs thereupon appealed to the Supreme Court of the State of Oklahoma and the trial court was reversed, which had the effect of

reinstating the verdict and judgment in favor of the plaintiff. See 186 Okl. 710, 100 P.2d 855. The defendants moved to vacate the judgment and again appealed from an order denying the motion. The Supreme Court affirmed. See 103 P.2d 495.

In the answers to the interrogatories filed herein by the garnishee, it is disclosed and admitted that the garnishee defendant issued a policy covering an Oldsmobile Sedan owned by the defendant Anna E. Belford, by which the insurance company agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance, or use of the automobile." The policy also covered liability for damage to property of another person. The limit of liability named in the policy was $10,000 for each person, or $20,000 for each accident and $5,000 property damage for each accident. By interrogatories Nos. 3 and 4, the garnishee admitted that in the suits filed in Love County based upon the automobile accident in which the defendants were Harry E. Belford and Anna E. Belford, it undertook the defense on behalf of said defendants. Interrogatories Nos. 5 and 6 pertain to an offer of compromise submitted by the plaintiff through the attorney representing the principal defendants in the state court action to the insurance carrier. The answers to these interrogatories do not seem very material to this cause. After the filing of the answers to the interrogatories, the plaintiff thereupon filed in this court a motion for judgment based upon the answers to said interrogatories, and in the motion recites the facts leading up to the issuance of the writ of garnishment and the interrogatories, shows therein that the amount of the judgment obtained in the state court was $7,500 for wrongful death and $50 for damage to the automobile, and asked for judgment against the garnishee upon the answer filed herein for the amount of this judgment with interest and costs. At the time this motion was presented to the court, the parties entered into a stipulation of facts, which is filed and made a part of the record in this case. By this stipulation of facts the garnishee insurance company preserved its record of

the facts upon which it bases its claim and asserts that the garnishment writ issued herein is invalid and that this court is without jurisdiction to enter a judgment herein. No contention is made that a judgment against the garnishee should not be entered if the court has jurisdiction.

In a brief filed herein, following the submission of the matter, the garnishee presents three reasons why this court should not enter judgment. First, the court never obtained jurisdiction over the person of the garnishee, for the reason that service of process was had upon the statutory service agent, Jess G. Read, Insurance Commissioner, who is not an agent for service in causes of action arising on contracts issued outside of the State of Oklahoma. Second, the defendants Harry E. Belford and Anna E. Belford could not sue the garnishee upon the policy in this jurisdiction and therefore the debt is not garnishable in this jurisdiction. Third, no issue was taken with the garnishee's answer in the manner provided by law.

While the stipulation of facts filed herein recites that the judgment obtained in the District Court of Love County, Oklahoma, was based upon service had upon both of the defendants Belford under the non-resident automobile driver's statute of Oklahoma, and further recites the facts in regard to the appointment of the Administrator, E. S. Allen, as administrator in Love County, Oklahoma, after one T. J. Davis had been appointed in Dallas County, Texas, the garnishee presents no argument to this court to the effect that the judgment of the state court is void. The matters mentioned in that regard were considered by the state court and the judgment of the state court has been approved by the Supreme Court of the State of Oklahoma after a discussion and consideration of those questions. It would, therefore, seem that the garnishee defendant makes no contention now that the state court's judgment is void, and this court proceeds upon the presumption that it is a valid judgment.

▉ The record in the case presents no issue of fact, but only questions of law. Although the garnishee makes mention of the fact that the plaintiff did not take issue with its answer wherein it asserted that it was not liable to the defendants except on a liability to be paid in Chicago, Illinois, such a statement, if directly made by the garnishee in its answer, did not present an issue of fact, but an issue of law. The court, therefore, deems it proper to determine this matter upon the pleadings and the stipulation filed herein; and the matter has been submitted to the court for decision by both parties upon the questions of law presented by the record.

This is a garnishment in aid of execution. Plaintiff proceeded under Title 12 Oklahoma Statutes Annotated, Section 863, which reads as follows: "When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reasons to, and does, believe that any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property. (R.L.1910, § 5211.)"

The Oklahoma statutes seem to provide two methods of procedure in such cases, either of which may be followed. See First National Bank v. City Guaranty Bank of Hobart, 174 Okl. 545, 51 P.2d 573. It follows, therefore, that if the garnishee may be served in this proceeding by service upon the Insurance Commissioner of Oklahoma, the proceedings are according to statute and the order overruling the garnishee's motion to quash was rightly entered.

The next and most serious question is whether or not the garnishee may be served in this action by service on its statutory service agent, the Insurance Commissioner of the State of Oklahoma. Or stated in another way, is the debt herein garnishable in this jurisdiction?

▉ When the garnishee, an insurance corporation organized in another state, complied with the laws of Oklahoma for transacting business within this state, it was required by statute to designate the Insurance Commissioner as its service agent, Title 36 Okl.St.Ann. § 101, Par. 4, and thereby consented to be sued in the courts of the State of Oklahoma, both state and federal. Oklahoma Packing Company v. Oklahoma G. & E. Co., 10 Cir., 100 F.2d 770. But the garnishee says that this con-

sent applies only to business done within the state or to causes of action arising within the state. In support of this proposition garnishee cites Old Wayne Mutual Life Association of Indianapolis, Indiana v. Sarah McDonough, 204 U.S. 8, 22, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern Railway Company, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Morris & Co. v. Skandinavia Insurance Company, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762; American Indemnity Company v. Detroit Fidelity & Surety Company, 5 Cir., 63 F.2d 395; Protas et al. v. Modern Investment Corporation et al., 198 Ark. 300, 128 S.W.2d 360. None of the cases cited above involved a garnishment proceeding had in the state court wherein a judgment had been procured by the plaintiff.

It seems to be the position of the garnishee that suit upon any liability growing out of its contract of insurance must be brought in Illinois, the state wherein the insured resided at the time the contract was entered into. This is error. See 20 Corpus Juris Secundum, Corporations, § 1922, 174; Barrow Steamship Company v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; Morris W. Haft & Brothers v. Wells, 10 Cir., 93 F.2d 991; Globe & Rutgers Fire Insurance Company v. Brown, D.C., 52 F.2d 164; Maryland Casualty Company v. Peppard, 83 Okl. 515, 157 P. 106, L.R.A. 1916E, 597; Ocean Accident & Guaranty Accident Corporation, Ltd. v. Southwestern Bell Telephone Company, 8 Cir., 100 F.2d 441; Employers' Liability Assurance Corporation, Ltd. v. Bodron, 5 Cir., 65 F.2d 539; Louisville & Nashville Railway Company v. Deer, 200 U.S. 176, 26 S.Ct. 207, 50 L.Ed. 426.

Everything that gave rise to and fixed the amount of the liability on the contract of insurance involved herein occurred in Love County, Oklahoma. The plaintiff is entitled to payment of this judgment through the office of the Court Clerk of the District Court of Love County, Oklahoma. The authorities last cited sustain the proposition that the Belfords could sue the insurance company in Love County, Oklahoma, if they so desired for the failure of the insurance company to pay this judgment and that the garnishment was properly issued in this jurisdiction. Under the pleadings and stipulation, plaintiff is entitled to judgment. Plaintiff will prepare a proper form of judgment in conformity with this opinion and present the same for signing at Muskogee on September 30, 1940.