VAN METER v. FIELD.

No. 32812.    Nov. 15, 1947.

*187 P. 2d 245.*

C. F. Green, of Ada, for plaintiff in error.

Thos. P. Holt and Busby, Harrell & Trice, all of Ada, for defendant in error.

CORN, J. This action originally was brought by plaintiff to foreclose a mortgage upon the property of Emma Van Meter, to the ownership of which this defendant succeeded by inheritance and purchase.

Following a judgment decreeing foreclosure of the mortgage, defendant and wife brought a separate action to vacate that judgment and to quiet title upon the grounds that the property was their homestead and the wife had not been made a party defendant, and because the mortgage was barred by the statute of limitations. The district court erroneously held the defendants had to pay the mortgage before the judgment could be vacated but correctly held that the mortgage was not barred by the statute of limitations.

Upon appeal we held the judgment was wholly void, but that the mortgage was not barred by the statute of limitations. While the appeal was pending, Susan Van Meter, the wife, died ·and the appeal proceeded to final disposition in the name of the present defendant. Van Meter et al v. Field, 195 Okla. 555, 159 P. 2d 546. Reference to the reported case will furnish a more complete statement of facts.

Following reversal and remand to the district court, plaintiff filed a "sup-plemental and amendment" to the original petition, on July 14, 1945, setting forth the former proceedings culminating in a reversal of the judgment; that during pendency of appeal the property had sold for nonpayment of taxes and that plaintiff was compelled to redeem the property for $584.41 to protect his security, and pay premiums of $80.30 for insurance, and sought judgment for the amounts so expended. This petition was filed by leave of court obtained without notice. Defendant then filed motion to strike on the ground this action constituted an abuse of discretion, which motion was overruled.

Thereafter defendant filed several pleadings and, after pleading a general denial, alleged the trial court abused its discretion in allowing the filing of the supplemental and amended petition; that the original petition was abandoned when plaintiff filed a first and second amendment thereto without making the original petition a part thereof (April 16, 1938, and September 17, 1938) whereas the note was due and payable February 1, 1933.

Defendant further pleaded that the interest payments from August 8, 1931, to August 1, 1933, and the taxes for 1931-1937, inclusive, became due under the mortgage provisions and subject to foreclosure, and defendant then relied upon the five-year statute of limitations as a defense. Defendant relied upon the three-year statute of limitations as a defense to the claim for taxes paid May 20, 1941, and the insurance paid by plaintiff. Defendant further asserted the trial court did not have jurisdiction of the action, the property being defendant's homestead, and that plaintiff could not go back in the original action after death of defendant's wife, and begin a new action.

After a hearing the trial court found that payment of the taxes by plaintiff was a necessary charge against the property and was secured by the mortgage; that the three interest coupons (maturing August 1, 1931, February 1, 1932,

and August 1, 1932) were barred by the statute of limitations before filing of this action on January 31, 1938; that defendant defaulted on the interest payment due February 1, 1933, and upon payment of the principal sum, and this amount together with the taxes, insurance payments and costs of abstract (all items with interest from the dates specified) and an attorney's fee of $447.-70, constituted a prior lien and plaintiff was entitled to foreclosure of the mortgage and to have the property sold and the proceeds disbursed according to law, and title to the property quieted as against all defendants.

The different assignments of error upon which defendant relies for reversal of this judgment are presented under five propositions, the first of which is that it was error to permit the plaintiff to proceed in the original action after it was held on appeal that the district court did not have jurisdiction to litigate a matter involving a homestead without the wife being made a party.

It is defendant's contention that in Van Meter v. Field, supra, it was held that the trial court had no jurisdiction, hence there was no action pending and that plaintiff could not begin another suit against defendant. The decision in the reported case did not hold that the trial court was without jurisdiction. The holding therein was that the judgment entered in the action was a void judgment because of a defect of parties. In the body of the opinion, we pointed out that death of the necessary party did not impart life to the void judgment, and "That case stands as though no judgment was ever entered therein." The original claim (note and mortgage) upon which this action was based was in existence when the original action was brought, and after the reversal in Van Meter v. Field, still stood as though no judgment ever had been taken. Thus it follows if that action was still pending plaintiff did not start a new lawsuit in 1945.

Defendant next contends that when his demurrer to the original petition was sustained and an amended petition then was filed more than five years after maturity of the note, the action was barred. In the former decision we passed directly upon this question. Therein we held that the action against Van Meter having been commenced within time, the joint nature of the homestead having been eliminated by the wife's death, the statute of limitations could have no application to him, though it be conceded the statute had run against the wife. In view of our prior decision, wherein we expressly pointed out that the statute of limitations could have no application as to defendant personally, further discussion upon this point is unnecessary.

In the supplemental petition, filed July 14, 1945, plaintiff set up the necessary expenditures incurred by reason of defendant's default, and asked allowance of these items as provided by the terms of the mortgage. The trial court included such items in the foreclosure judgment.

Defendant asserts that it was error to make such allowances upon the theory that same was a liability created by statute, 12 O.S. 1941 §95 (2), and not having been sued for before expiration of three years from date of payment, a claim therefor was barred.

The mortgage contract herein sued upon required the mortgagor to pay taxes and insurance. It likewise gave the mortgagee the right to pay same without notice if not paid by the mortgagor, and further provided the mortgage was to stand as security for the amounts so paid. The provisions were a part of the said contract and defendant's failure to comply therewith necessitated those expenditures.

Defendant's third proposition is the contention that the holding in the former appeal, insofar as the present defendant was concerned, was obiter dictum. Defendant sought to have his title

quieted against the mortgage on the ground same was barred by the statute of limitations. We expressly held the mortgage was not barred and that the action was pending herein. Our holding therein became the law of the case and forecloses defendant's contention to the contrary.

In Brown v. Brotherhood of R. R. Trainmen, 186 Okla. 275, 97 P. 2d 62, paragraph 2 of the syllabus states:

"All questions open to dispute and either expressly or by necessary implication decided on appeal to this court will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

The fourth contention alleges error in the trial court's admission of the plaintiff's deposition taken on the former trial. The objection is based upon the argument that our former decision held the district court was without jurisdiction and that no action was pending, and hence these depositions were invalid for the purpose for which used. We already have pointed out that our former opinion did not hold the trial court was without jurisdiction. Further discussion in this connection is unnecessary.

The last contention is that the trial court erred in allowing the plaintiff to file a supplemental petition July 14, 1945, without notice to defendant. However, within four days after filing of the supplemental petition defendant filed a motion to strike, and thereafter an amended motion to strike and a special demurrer. These motions and demurrer were overruled and defendant then by answer attacked the trial court's permitting the amended petition to be filed by contending this constituted an abuse of discretion.

From an examination of this record we hold the action of the trial court permitting plaintiff to file a supplemental petition without notice to defendant did not constitute an abuse of discretion, nor in any manner prejudice defendant. The action of the trial court in this respect certainly did not prevent him from asserting any defense. He defended upon every ground possible and no different conclusion could have been reached in any event.

Judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, and GIBSON, JJ., concur.